DYKMAN, J., concurred ; CULLEN, J., not sitting.

Judgment and order reversed and new trial granted, with costs to abide event.

---

In the Matter of the Petition of HIRAM FARRINGTON, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK and HARRIET A. BROWN, as Administratrix of NATHAN L. CULVER, Deceased, Respondents.

*Order confirming a report of commissioners of appraisal — when conclusive.*

The order confirming the report of commissioners of appraisal appointed pursuant to chapter 490 of the Laws of 1883 is, while it stands unreversed, conclusive upon two adverse claimants of the damages awarded by such report for the injury done to certain property.   The remedy of either of such claimants, feeling aggrieved by the report of the commissioners, is to appeal from the order confirming the same; no inquiry while such order stands can be made collaterally into the respective rights of the parties.

APPEAL by the petitioner, Hiram Farrington, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 19th day of May, 1894, sustaining the exceptions of the respondents to the referee's report and denying the petitioner's motion to confirm said report.

*Francis Larkin,* for the petitioner, appellant.

*James B. Lockwood,* for the respondents.

BROWN, P. J.:

The order appealed from has determined that the administratrix of the respondent Culver is entitled to an award made to the appellant by commissioners of appraisal, appointed pursuant to chapter 490 of the Laws of 1883, for land taken for the purposes of the aqueduct constructed to supply the city of New York with water.

The award was made in a report dated August 18, 1891, and was confirmed by an order of the Supreme Court dated October 24, 1891.

The land taken was a part of a farm owned at the time of the appointment of the commissioners by Nathan L. Culver, and upon which the petitioner held a mortgage.

The statute referred to vested the title to the land proposed to be acquired for the aqueduct in the city upon the filing of the oath of the commissioners of appraisal. The oath was filed in October, 1884, and shortly thereafter Culver conveyed the farm to the petitioner.

Both parties filed claims before the commission, and appeared before them by counsel. In 1884 Culver died.

The commission assessed the value of the land taken, and all damages sustained, at the sum of $1,444, and awarded $100 to Culver, and the balance to the petitioner.

The petition states that the city of New York having been forbidden to pay said award to the petitioner, paid it to the Mercantile Trust Company. The petitioner thereupon moved at Special Term for an order directing the trust company to pay said award to him. This motion was opposed by the respondent, who is Culver's administratrix, and the court determined that she was entitled to have the whole award paid to her.

Without expressing any opinion upon the merits of the controversy, we are of the opinion that the order confirming the commissioners' report is conclusive upon the rights of the parties, and that the remedy of the administratrix, if she felt aggrieved by the report of the commissioners, was to appeal from the order confirming it, and that while such order stands unreversed no inquiry can be made collaterally into the respective rights of the parties.

The statute referred to requires the commissioners of appraisal to make a report containing a description of the real estate taken and a statement of the sum determined upon by them as compensation to be made by the city to the owner or persons entitled to or interested in each parcel taken, and a statement of the respective owner or persons entitled thereto. (§ 12.)

The counsel for the city, or any person interested in the proceeding, was authorized to move for the confirmation of said report, and to give notice therefor. (§ 14.) Upon confirming the report the court was required to direct to whom the money was to be paid, and it was further provided that the report, when confirmed, should be "final and conclusive as well upon the said mayor, etc., of New York as upon owners and all persons interested in or entitled to said real estate; and also upon all other persons whomsoever." (§ 15.)

The city was required to pay to the respective persons named in said report in whose favor any sum was reported, the sum so reported within four months after the confirmation of the report, and in default of the payment and after demand upon the comptroller of the city, such owner or interested person could sue the city in any court having cognizance thereof. (§ 16.)

Section 21 provides for appeals from the order of confirmation, and a review by the appellate court of any determination of the Special Term.

The claim of the administratrix, that the report of the commissioners is not binding upon her because she did not appear before them, cannot be sustained.

She has no rights in the matter except such as she acquires as the legal representative of her intestate.

The statute required all claims to be presented to and filed with the commissioners within three years after the filing of the commissioners' oath.

Culver filed his claim with the commissioners, and they thereupon acquired jurisdiction to determine its validity, and the amount which he was entitled to be paid by the city. The fact that Culver filed such a claim within the period limited by the statute, and that jurisdiction was acquired by the commissioners to determine it, is vital to the rights which the administratrix now asserts. She never has made any separate claim to the commissioners, and the time

within which claims could be presented has long since expired. The legal effect of the order confirming the report was that of an adjudication upon the rights of the parties, and the administratrix's remedy, if she was aggrieved by the report, was to appear and oppose its confirmation, and if her objections were overruled to appeal. The order of confirmation is an insuperable obstacle to the assertion by her of any right to the money awarded to the appellant.

The order appealed from must be reversed, with ten dollars costs and disbursements, but in order that the administratrix may not be denied the right to be heard, the motion of the petitioner will not be granted if within thirty days the administratrix procures the order confirming the report to be vacated, so far as it affects the award in question, and obtains leave to be heard upon its confirmation.

If such relief is not obtained by the administratrix, respondent, then petitioner's motion will be granted.

CULLEN, J., concurred; DYKMAN, J., not sitting.