(27 Misc. Rep. 272.)

## CARPENTER v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. MUNICIPAL CORPORATIONS—AWARD FOR PARK LANDS — INTEREST—DEMAND.
    When an award by a city for park land is made to the owner's assignee for benefit of creditors, subject to mortgages on the land, the assignee is the proper person to demand payment to start the running of interest.

2. SAME—LIEN FOR TAXES AND WATER RENTS.
    Where an award made by commissioners for land taken for a city park was for "all interests therein, for which compensation has been awarded by us," the city cannot retain from the award the taxes and water rents charged against the land which were not allowed in the award.

3. SAME—MORTGAGES—COSTS OF FORECLOSURE.

Where a decree of foreclosure of a mortgage was rendered before an award was made for the mortgaged land which was taken for park purposes, but the mortgagee procured an order modifying the decree, which order was afterwards reversed, he can collect out of the award only the amount of his mortgage, and not his costs in the foreclosure proceeding.

Action by Harry Carpenter to compel the payment and distribution of an award made in proceedings instituted by the city of New York to acquire certain lands for park purposes, pursuant to chapter 746, Laws 1894.

H. G. Atwater, for plaintiff.
Geo. Landon, for defendant city of New York.
Abraham Nelson, for defendant Hartfield.
Mr. Morris, for defendant Nelson.
Howard McWilliams, for defendant Palmer, as trustee.

WERNER, J.    This is an action brought to compel payment of an award made in proceedings instituted by the city of New York to acquire certain lands for park purposes, pursuant to chapter 746, Laws 1894. None of the facts established upon the trial are in dispute. Two questions are raised by the defendant the city of New York, which are contested by the plaintiff and the other defendants. Counsel for the city insists: First, that the taxes and Croton water charges which were due upon the premises for which the award in question was made, up to the time when title to said premises vested in the city, are first liens against said award; second, that the city is not liable for interest on said award.

Section 4 of said chapter 746, Laws 1894, provides that:

"The said mayor, aldermen and commonalty shall, within four calendar months after the confirmation of the said report, pay to the parties entitled thereto, the respective sum or sums so estimated or reported in their favor, respectively, and in default thereof, said persons or parties respectively, his, her or their respective heirs, executors, administrators, successors or assigns, may sue for or recover the same, with lawful interest, from and after demand thereof, and the costs of suit."

The report of the commissioners was confirmed on the 30th day of December, 1897. Thomas C. Campbell, the substituted assignee for the benefit of creditors of the owner of the equity of redemption, made a demand for the amount of said award on the 30th day of April, 1898. Counsel for the city urges that this demand was insufficient to create a claim for interest because the award was made to said Campbell's predecessor, subject to the mortgages set forth in said award. We think that is the very reason why said Campbell was the only proper person to make the demand. No award was made to the holders of said mortgages. Their rights attach to said fund, not by virtue of any statute, or under the report of the commissioners, but pursuant to a rule of equity by which the fund is substituted for the land. The award having been made to the assignee of the owner of the land, he was the proper person to make the demand, notwithstanding the fact that under said equitable rule he might receive little or no part of the proceeds of the award in his favor. In the absence of any specific direction in the statute as to the form and

manner of making the demand, we are inclined to the view that the demand made herein was sufficient, and that the city must pay interest upon said award from the date of said demand.

The question whether the city is entitled to collect the water rents and taxes which were liens upon the premises, represented by the award in suit prior to the confirmation of the commissioners' report, must, we think, be decided adversely to the city. The language of the report, which follows that of the statute, is:

"And we do further report that the sums of money awarded by us to the respective owners, lessees, parties, and persons in interest for the loss and damage respectively sustained by reason of the taking of said lands, tenements, hereditaments, and premises are more fully and at large set forth in said transcript; that said transcript contains the number of each parcel, including all interests therein, for which compensation has been awarded by us; * * * that opposite to each number in said transcript is set forth the name of the owner thereof, or the names of the persons interested therein, so far as the same could be ascertained, together with the sum or sums of money awarded by us for the loss and damage to all interests in the taking of each and every parcel so designated on said map."

This language clearly indicates the character and scope of the award. It was for the loss and damage sustained by the "owners, lessees, parties, and persons in interest," who are specifically designated and named in the transcript, which is made a part of the report of the commissioners. The amount of the award is not the purchase price out of which all existing liens are to be paid, but it represents the loss and damage which the owner and parties in interest who are named therein have sustained by the taking of the land. No award was made to the city, and none was made to the assignee of the owner for the benefit of the city. The report is silent upon that subject. The city was a party to the proceeding, and procured the confirmation of the report by which it became vested with the title to said lands, without asking for any direction for the payment of said taxes and water rents. When the city took such title, the lien of said taxes and water rents was extinguished. This is equally true of the mortgage liens. The difference between the position of the city and that of the holders of said mortgages is that the former has acquired the whole title to the lands, while the latter have simply equitable liens upon the fund awarded for the loss and damage to their respective interests. If the city had intended to preserve its lien for taxes, the report of the commissioners should have directed the payment thereof out of the award. The confirmation of the report without such provision is final, and conclusive upon the city. Farrington v. City of New York, 83 Hun, 124, 31 N. Y. Supp. 371.

There is no dispute as to the priority of the several mortgages in evidence. They are: (1) A mortgage for $16,000, held by Miln P. Palmer, as trustee under the last will and testament of Francis B. Hegeman, deceased; (2) a mortgage for $1,000, held and owned by the defendant Hartfield; (3) a mortgage for $4,000, held and owned by the defendant Nelson; (4) a mortgage for $1,000, held and owned by the defendant Nelson; (5) a mortgage for $2,108.76, held and owned by the plaintiff. These mortgages are respectively entitled to interest, according to the terms thereof, since the last pay-

ment of interest thereon.    The judgment of foreclosure of mortgage No. 4 is within the condemnation of the rule laid down in Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892, and is therefore invalid. The judgment of foreclosure on mortgage No. 1 is not effectual so as to entitle the defendant Palmer to recover his costs on the foreclosure action.    Although the original judgment in said action was recovered on the 10th day of December, 1897, which was 20 days before the confirmation of the report of the commissioners in said condemnation proceedings, yet, having procured an order modifying said judgment, which order was subsequently reversed, we think the defendant Palmer should be directed to stand upon his mortgage, and not upon the judgment in foreclosure.    This will enable him to collect the $400 of interest which was inadvertently omitted from said judgment.    With reference to the judgment of foreclosure upon plaintiff's mortgage (No. 5), it is enough to say that it is invalid for the same reasons which apply to mortgage No. 4.    The plaintiff may have his taxable costs herein, but no extra allowance.    Let findings and decree be prepared and submitted in accordance with the foregoing views.

Ordered accordingly.