(59 App. Div. 258.)

## In re BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

1. TAXATION—WHEN TAX LIEN ACCRUES.
    Taxes are a lien on property from the time the warrant is issued for their collection.

2. GREATER NEW YORK—CONDEMNATION PROCEEDINGS—TAX LIENS—PROPERTY OWNER'S LIABILITY.
    Greater New York Charter, § 1438, relating to the condemnation of property for public purposes, provides that on the final confirmation of the report of the commissioners of estimate the city shall become and be seised in fee of the lands included therein: *Held*, that pending the proceedings preliminary to such confirmation, which might never be made, owing to the city's right to discontinue the proceedings, the title and obligation to pay taxes imposed during such time remained in the property owner, and that Laws 1896, c. 908, § 3, exempting realty owned by the municipality from taxation, did not apply to such taxes, which became a lien before its title was acquired.

3. SAME—FAILURE TO APPEAL—EFFECT.
    The omission to appeal from the order confirming the report of the commissioners rendered it final and conclusive as to the amount of the loss and damage.

Appeal from special term, Kings county.

Application by the board of education, by the corporation counsel of the city of New York, to acquire title by the city to land situated on the southeasterly side of Seventh avenue, between Fourth and Fifth streets, in the Twenty-Second ward of the borough of Brooklyn, duly selected and approved for school purposes pursuant to Laws 1888, c. 191, and other statutes amendatory thereof and relating thereto. From an order directing the payment to the property owners of moneys withheld from the award to pay taxes on the property in question, the board appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William J. Carr (Jerome W. Coombs, on the brief), for appellant.
William C. De Witt, for respondents.

SEWELL, J. The commissioners of estimate filed their preliminary transcript of estimate on August 27, 1900, by which they awarded the sum of $92,000 for the loss and damage to the respective owners

of said land, "subject to the lien of all unpaid taxes, assessments, and water rate." The commissioners made their report, which was confirmed September 25, 1900. The property owners thereafter moved at special term for an order directing the treasurer of the board of education to pay to them the amount of said award, with interest, "and without any deduction or reservation for the taxes of 1900." The court determined that they were entitled to the whole award, and made an order directing the board of education to pay to the property owners such sums as had been retained and withheld out of the award to discharge the taxes for the year 1900. In the affidavit upon which the order was granted it is stated that the taxes were distributed and the warrant was issued for their collection on September 19, 1900, six days before the award was confirmed; and the question is presented whether the taxes became a lien upon the property, and the city was entitled to retain the amount thereof out of the award. The charter provides that "on the final confirmation of said report" of the commissioners of estimate "the said city of New York *  *  * shall become and be seized, in fee simple absolute, of the lands included in said report" (section 1438); and that taxes are a lien upon property from the time the warrant is issued for their collection was expressly held in Burr v. Palmer, 53 App. Div. 358, 359, 65 N. Y. Supp. 1056. The respondents, however, claim that the property became appropriated when the board of education determined to take proceedings for the acquisition of the same, and that it was not subject to taxation during the existence of the proceeding for condemnation. There is no authority to sustain this contention. The passage of the resolution, the filing of the maps, the appointment and the report of the commissioners, were preliminary steps in a proceeding, which only became effective when the report was confirmed. A long series of decisions has established that in these proceedings no rights are vested, and the corporation may be permitted to discontinue at any time before the report of the commissioners is finally confirmed. In re Washington Park Com'rs, 56 N. Y. 144; People v. Common Council of City of Troy, 78 N. Y. 56. Prior to that event the relation of the owners of the property embraced in the proceeding and the city was not that of vendor and vendee under an executory contract of sale; on the contrary, all of the legal rights and obligations which pertain to ownership, including assessment and taxes, continued in the owners until the proceeding was terminated by the entry of the final order confirming the report of the commissioners. The decisions of this state do not recognize any contract obligation between owners and public officers of municipalities as resulting from the election of the latter, under authority of law, to take specific land for public purposes; and the circumstance that the interest of the owners may be devested by the existence and continuance of the proceeding does not affect the status of the property as to its ownership or as to its liability for taxes. The exemption given by the statute is not prospective in its operation. It is not property about to be taken or to become the property of a municipal corporation that is exempt, but real property actually owned and held by a municipal corporation for public use that is exempt by law. Section 3, c. 908, Laws 1896. The

taxes for the year 1900 having been imposed prior to the confirmation of the report of the commissioners, the city acquired its title subject to the lien which was transferred from the land to the award made therefor, and the city had the right, as holder of the first lien, to deduct the taxes before paying the award. Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633.

The omission to appeal from the order confirming the report rendered it final and conclusive as to the amount of the loss and damage to the owners. The remedy of the respondents, if they felt aggrieved, was to object to the confirmation of the report, and to appeal from the order confirming it. Farrington v. Mayor, etc., 83 Hun, 124, 31 N. Y. Supp. 371; Donnelly v. City of Brooklyn, 121 N. Y. 9, 24 N. E. 17.

Our opinion, therefore, is that the court erred in directing the payment of the amount deducted from the award for taxes, and that the order must be reversed, with $10 costs and disbursements. All concur.