THE CHANCELLOR OF THE STATE OF NEW JERSEY v. THE CITY OF ELIZABETH ET AL.

Argued June 5, 1900—Decided November 12, 1900.

The supplement to the Tax act, approved April 1st, 1898 (*Pamph. L.*, *p.* 202), is constitutional, so far at least as it provides for the levying of taxes and the creation of liens, and is applicable to

lands the title of which is vested in the Chancellor of the state in trust for the benefit of A during her life, and after her death for the benefit of persons who cannot be ascertained until she dies.

On *certiorari* in matter of taxation.

Before Justices Dixon, Garrison and Collins.

For the prosecutor, *Sherrerd Depue.*

For the defendants, *James C. Connolly.*

The opinion of the court was delivered by

Dixon, J.   The *certiorari* in this case brings up for review the tax levied by the city of Elizabeth for the year 1899 on certain lands in that city, the title of which is vested in the Chancellor of the state in trust for Ann Elizabeth Howe during her life, and after her death for "her lawful heirs and their assigns, and should she die without lawful issue," then for her uncles Benjamin and Theodore and her aunts Mary and Emeline.

The tax was levied under a supplement to the Tax act approved April 1st, 1898 (*Pamph. L., p.* 202), which provides that "all lands and real estate that may be or may have been mortgaged to or owned by any officer of this state in his official capacity, or  *  *  *  any official or person appointed by any court or in any judicial proceeding had or taken in this state or elsewhere, and held in trust for the benefit of any person, shall be subject to taxation as in the case of lands held by other citizens of this state, and all taxes assessed in pursuance of this supplement shall be and remain a lien against such land and real estate as in case of taxes assessed against property of other persons."

The words of this statute evidently, we think, cover the case in hand.   The only suggestion made to the contrary is that, as the persons who will be entitled after the death of Mrs. Howe cannot yet be ascertained, she being still alive, therefore the Chancellor does not hold the land in trust

"for the benefit of any person." This suggestion is without reasonable basis. If the words just quoted have any force, they merely point to a distinction between lands held in trust for the benefit of persons and lands held in trust for the furtherance of some project, *e. g.,* a charity. The present trust is certainly for the benefit of persons, even if that phrase receives only a restricted signification.

But it is contended that the statute is unconstitutional, first, because it is confined to real estate and does not extend to all funds held in the manner mentioned in the act; hence, it is argued, the statute is not general, as all laws for the taxation of property must be under our constitution. The right of the legislature, under the present constitution, to discriminate among the various classes of property for the purposes of taxation is thoroughly established (*State Board of Assessors* v. *Central Railroad Co.,* 19 *Vroom* 146), and that real property and personal property belong in legal contemplation to different classes, however similar their incidental circumstances, is a proposition too plain to need discussion.

The second reason assigned for the unconstitutionality of the act is that it tends to impair the functions of the Court of Chancery in the administration of trust estates.

No doubt these functions rest upon the constitution itself, and are therefore beyond impairment by the legislature; and it may be that, if the statutory directions for the collection of the tax were enforced to their utmost extent, the functions of the court would be seriously disturbed. So also in the case of other constitutional tribunals. But the law may be valid for the creation of a lien, and not valid in its provisions for the enforcement of the lien. The beneficiaries of this estate could certainly create liens upon it, while yet it remained under the control of the court, and those liens, if equitable, when brought to the attention of the court, would be protected by the court in the administration of the estate. We see no reason why the same course should not be taken in regard to a lien created on just principles under an act of the legislature. The present

proceeding deals with the tax merely as a lien; the propriety of its enforcement without appeal to the Chancellor is not now in question. So far as the statute has yet been followed, we think it does not impair his constitutional functions.

Lastly, the application of the statute to the present case is assailed upon the idea that the land is now in the possession of the state and must be deemed the property of the state until the ultimate beneficiaries are ascertained; as the act does not, it is urged, contemplate the taxation of the state's property, this land does not come within its operation.

We do not accede to the notion that in any substantial sense this land is the property of the state. The state is no more capable of devoting this land to public use, without providing in its stead an equivalent as just compensation for the private persons interested in it, than it is of so devoting any private property. The possession of the state is simply that of a trustee; the right of use and enjoyment is wholly private. This right is property, and for taxing purposes is subject to the will of the legislature, constitutionally expressed, in the same degree as other private property. But even if the land be regarded as, in some sense, the property of the state, still the question of the validity of the lien depends solely on the meaning of the statute. For, as was said by the Court of Appeals in *Trustees of Public Schools* v. *City of Trenton*, 3 *Stew. Eq.* 667, 681, "the immunity of the property of the state and of its political divisions from taxation does not result from a want of power in the legislature to subject such property to taxation. The state may, if it sees fit, subject its property and the property owned by its municipal divisions to taxation in common with other property within its territory." So, if this land be the state's property, it is nevertheless *owned by an officer* of the state in his official capacity and held in trust for the *benefit of some person.* Such property of the state, the legislature has said, shall be taxed as the property of citizens is taxed.

Our conclusion is that the tax has been legally levied; and it is affirmed, without costs.