THE BOROUGH OF WRIGHTSTOWN, PLAINTIFF, v. SAL-
VATION ARMY, A NEW YORK CORPORATION; SAL-
VATION ARMY, A NEW JERSEY CORPORATION, DE-
FENDANTS.

Argued January 14, 1922—Decided January 26, 1922.

No personal liability is incurred by the owner of real property, in
the absence of legislation directing otherwise, for taxes assessed
upon such property.

On motion to strike out plaintiff's complaint.

Before Justice KALISCH at chambers.

For the motion, *Reuben H. Reiffin.*

*Contra, Herbert S. Killie.*

The opinion of the court was delivered by

KALISCH, J. The complainant sets out in its complaint
that the property of the defendant was duly assessed by the
assessor of taxes in and for the borough of Wrightstown, for
the year 1920, at fifty-one thousand ($51,000) dollars; that
the improvements, consisting of a hotel and of other build-
ings on the land, was assessed at forty-eight thousand five
hundred ($48,500) dollars; that the land was assessed one
thousand ($1,000) dollars and the personal property at one
thousand ($1,000) dollars; that the tax rate for 1920 was
$2.96; that the tax due on the land and buildings thereon
was the sum of $1,479.90, and that that has remained unpaid;
that the assessment on the personal property was paid; that
on or about February 19th, 1920, fire destroyed the hotel and
personal property of the defendants and that the same has
never been replaced; and that the title to the land was in the
New York corporation, and that the personal property was

owned by both defendants, the assessment on which was paid. The plaintiff, therefore, seeks to recover the amount of the taxes assessed upon the buildings from the defendants.

Plaintiff's counsel concedes that under a well-recognized principle taxes assessed upon real estate do not become a personal liability, but insists that circumstances may arise which might create such personal liability, and that since there is here in the present case the fact that the buildings which were of great value, and on which the tax assessed was $1,479.90, were totally destroyed, leaving remaining the bare land, the assessed value of which is only one thousand ($1,000) dollars, that, therefore, a situation or necessity has arisen, which in law creates a personal liability. Counsel further contends that this theory is a fair inference to be drawn from the opinion of Chief Justice Green in *City of Camden* v. *Allen*, 26 *N. J. L.* 398 (at *p.* 400). What the learned Chief Justice said on that subject was this: "If, indeed, a tax should be imposed and no method be provided by law for its recovery, a resort to legal proceedings would then be a matter of necessity. By the fundamental principle of the law there must be a redress for every wrong, a method of recovery for every due. In the cases cited upon the argument, where an action of debt was maintained in Ohio for the recovery of tax, the only points discussed or decided relate to the legality of the tax itself. No question seems to have been raised as to the form of recovery. *Ohio* v. *Hibbard*, 3 *Ohio* 63; *Ohio* v. *Gazlag*, 5 *Id.* 14. It may be presumed that the statute either prescribed no other mode of recovery expressly authorized the bringing of the action."

As we have a statute which fully prescribes how and in what manner a tax assessed upon real estate may be recovered, and, as my attention has not been called to any statute of this state which authorizes the bringing of an action to recover taxes assessed upon real property, the present case falls clearly within *City of Camden* v. *Allen*, *supra*, where Chief Justice Green (at *pp.* 399, 400) says very pointedly: "There is in

fact no necessity nor reason, nor ground of policy for converting a tax into a debt and bringing an action for its recovery." To the same effect is *Linn* v. *O'Neill*, 55 *N. J. L.* 58; *Improvement Co.* v. *Sea Isle City*, 61 *Id.* 477; *Baker* v. *City of East Orange*, 75 *Id.* 363; *Archibald* v. *Maurath*, 92 *N. J. Eq.* 357.

That the legislature never intended that taxes assessed on real estate shall be collected by any other method than that prescribed by statute is clearly emphasized by chapter 206 of the laws of 1918, page 848, section 202, which reads:

"All property, real and personal, within the jurisdiction of this state, not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value, and shall be valued by the assessors of the respective taxing districts. Property omitted by the assessors may be assessed as hereinafter provided. All property shall be assessed to the owners thereof with reference to the amount owned on the first day of October in each year, and the persons so assessed for personal taxes shall be personally liable for the taxes thereon."

The significance of this enactment lies in the fact that though both real and personal property are the subjects dealt with, the statute expressly provides that in cases of assessments for taxes on personal property, the persons so assessed shall be personally liable therefor, thereby leaving, inferentially, undisturbed the legal doctrine enunciated in *City of Camden* v. *Allen, supra,* and in the other cases above cited, to the effect that no personal liability is incurred by the owner of real property, in the absence of legislation directing otherwise, for taxes assessed upon such property.

These views lead me to the conclusion that the complaint states no cause of action, and, therefore, must be struck out, with costs.