EMPRESS MANUFACTURING COMPANY, A CORPORATION, APPELLANT, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Philip J. Schotland.*

For the respondent, *Frank A. Boettner* and *Frederick H. Groel.*

The opinion of the court was delivered by

CASE, J. This is an appeal by the plaintiff from a judgment entered in the Essex County Circuit Court in favor of the defendant pursuant to an order striking the complaint on the ground that that pleading did not state a cause of action.

The complaint alleges that the city of Newark on May 10th, 1930, proceeded to condemn plaintiff's property and that the commisioners of condemnation made an award in the sum of $416,350 as the value of the lands on that date; that the plaintiff appealed and the Circuit Court affirmed the award; that on or about August 14th, 1931, the city of Newark took possession of the lands and paid the plaintiff the sum of $412,262.71, less by $4,087.29 than the amount of the award; that the deduction represented the taxes for part of the year 1931 not then a lien and that plaintiff sues for the amount deducted. The motion to strike was upon the ground that the city of Newark was entitled to make the deduction inasmuch as it was the amount of the 1931 taxes on the condemned property prorated to the date when the city took possession. The court, relying upon *Pamph. L.* 1919, *ch.* 67, *p.* 118, amending section 514 of "An act for the assessment and collection of taxes" (Revision of 1918), approved March 4th, 1918, and upon *Rutsen Estates, Inc.,* v. *Hudson County,* 102 *N. J. L.* 265, sustained the defendant's contention and accordingly struck the complaint.

The appellant sets up two grounds, first, that section 514 of the Tax act is unconstitutional and, second, that the section does not apply to the payment of an award fixed for property taken by condemnation. The section (2 *Cum. Supp. Comp. Stat., pp.* 3500, §§ 208-66d, 514) provides that "upon the sale and transfer, for a valuable consideration, of any real estate in this state, unless otherwise provided in a written agreement between the seller and purchaser, or unless other-

wise expressly stipulated in the deed of conveyance, the seller shall be liable for the payment of such proportion of the taxes for the current year upon the property to be conveyed as the time between the first day of January previous and the date of the delivery of the deed by the seller to the purchaser bears to a full calendar year."

The essence of section 514, as amended, is that it provides a method which if not altered by a written agreement or by the deed shall determine the apportionment of the tax between successive owners, *inter sese,* of the property during the tax year. We consider that the title to the tax act—"An act for the assessment and collection of taxes"—is sufficiently comprehensive to embrace such a provision. While the tax is made to become a lien on the property on a day certain, the tax is nevertheless an annual tax. Adjustments of liability between successive owners of property, during the tax year, as between themselves seem to us to be properly related to the remaining portions of the statute, and quite intelligible to the ordinary reader as a fitting content under such a label as the title of the act is. *City of Burlington* v. *Pennsylvania Railroad Co.,* 104 *N. J. L.* 649.

The second point presents more difficulty. It seems that under section 8 of the Eminent Domain act (2 *Comp. Stat., pp.* 2182, 2185), all liens on the land, including liens for taxes, are deductible from the award. *In re Sleeper,* 62 *N. J. Eq.* 67. We are not informed under what statutory authority the condemnation of plaintiff's lands was conducted, but we may assume, for the purpose of this discussion, that a tax lien, if it existed at the time of the payment of the award, was deductible. That was the situation, if we read the case correctly, in *Rutsen Estates, Inc.,* v. *Hudson County, supra.* But the 1931 tax was not a lien on plaintiff's land on August 14th, 1931. All unpaid taxes on lands become a lien on the land on which they are assessed on and after the first day of December of the year in which they fall due. 2 *Cum. Supp. Comp. Stat., p.* 3527, §§ 208-444a(6). The respondent rests its case upon the applicability of section 514, *supra.* Examining that statute, we find that there are several elements,

necessary to its application, that are not present in the instant case. The statute operates upon "the sale and transfer * * * of any real estate." We have no sale; we have a taking. The statute assumes, as we read it, the existence of a seller and a purchaser, who may bargain otherwise than as the act provides. Notwithstanding the broad and inclusive meaning given by Blackstone (2 *Bl. Com.* 242) to the word "purchase" as a means of acquiring real estate and with full acceptance of the theory that a taking by eminent domain is a compulsory exchange of property for value, done in the public interest, we are yet unable to harmonize the idea of a seller, a purchaser, an agreement and a deed with the taking under the strong arm of the law of property against the will of the owner, with no agreement and without a deed. Finally, the statute, when applicable, requires that the taxes for the year be proportioned in such manner that the seller shall be liable for the payment of such proportion as the time "between the first day of January previous and *the date of the delivery of the deed* by the seller to the purchaser bears to a full calendar year." There has been no delivery of deed and none can be compelled. Aside from wrenching the statute away from its obvious setting, a concurrence in the respondent's views would require us to hold that there was, on or about August 14th, 1931, a delivery of deed from the plaintiff to the city; and there was not even the semblance thereof.

Our conclusion is that section 514 of the Tax act does not apply to a taking by eminent domain, and, since this is so, that the city had no authority for making the deduction. It follows that the complaint presented a cause of action and should not have been struck.

Judgment below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.