EDWARD D. BOYD, PLAINTIFF-RESPONDENT, v. FRANK M. BROWN ET AL., DEFENDANTS-APPELLANTS.

Submitted May 31, 1935—Decided October 24, 1935.

For the appellant, *James S. Turp.*

For the respondent, *James J. McGoogan.*

The opinion of the court was delivered by

LLOYD, J. The action in this case was to recover damages for breach of a written agreement made between Arbor Terrace, Incorporated, a New Jersey corporation, and one Brown, which agreement had been assigned to the plaintiff. The case was heard before the Circuit Court judge without a jury and a finding and judgment resulted in favor of the plaintiff.

Arbor Terrace, Incorporated, was the owner of certain premises in the city of Trenton, and on the 19th of March, 1932, agreed with Brown to make conveyance of the same for the purchase price of $4,000, subject to a mortgage of $15,000 held by the plaintiff Boyd. The agreement as to payment of the purchase price was in the following language, that Brown "will pay and satisfy, or cause to be paid and satisfied, unto the said party of the first part, the said sum of * * * Four Thousand ($4,000) Dollars as and for the purchase money * · * * in the following manner: $25 upon signing of this agreement * * *; $2,454.67 taxes to be paid by the party of the second part; * * * $1,000 in cash and balance, after making all adjustments, by giving a note."

The agreement was followed by a deed on the 7th of July following, which deed acknowledged the receipt of "one dollar and · other good and valuable consideration *dollars,* lawful money of the United States."

The settlement statement recited the full purchase price and gave credit for the various amounts of the consideration including the cash paid, the taxes and the note for the balance. The title was taken by Brown in the name of his wife, Ella M. Brown, and the property delivered to her.

In the following year, the interest being unpaid, the mortgage held by Boyd was foreclosed and a decree taken for the principle of the mortgage and the interest due thereon. Subsequently the property was sold on this decree by the sheriff and purchased by Boyd for a nominal consideration. After taking title to the mortgaged premises Boyd paid the taxes and took from Arbor Terrace an assignment of the agreement already recited.

It is to be noted that the action was for the damages for breach of contract. Unless Arbor Terrace suffered such damages no recovery could be had by it, and it is academic that Boyd could acquire no right that did not at the time of the assignment exist in Arbor Terrace.

Passing the question as to whether there was a personal obligation assumed by Brown to Arbor Terrace with respect to the taxes, and whether their assumption by Brown as part of the purchase price in the settlement and acknowledgment of receipt in the deed did not of itself extinguish any obligation assumed in the agreement, it is clear that the action being to recover the damages sustained by Arbor Terrace, nothing more than nominal damage at most for breach of contract is exhibited in the record of the case. Arbor Terrace was not liable for the taxes. *Borough of Wrightstown* v. *Salvation Army,* 97 *N. J. L.* 89, and cases cited. Whether, therefore, the taxes were subsequently paid by Brown was a matter of indifference to Arbor Terrace unless a liability existed in Arbor Terrace to Boyd, the mortgagee, by reason of the bond executed by it to Boyd in connection with the mortgage of $15,000.

Whether in that mortgage there existed an obligation on the part of the mortgagor to pay the taxes does not appear. Presumably it did not, however, inasmuch as when the mortgage was foreclosed the taxes yet unpaid were not included in the foreclosure decree. It thus appears that Arbor Ter-

race was not liable for the taxes due to the city of Trenton, nor was it liable to Boyd for any deficiency for non-payment of taxes which, if so provided in the mortgage, might have been included in the foreclosure of that instrument.

When, therefore, Boyd after having foreclosed the mortgage without including the taxes in his decree took title and thereafter paid the taxes he was a pure volunteer, even though the property might still be liable for them. He had no claim by reason of such payment on Arbor Terrace. Arbor Terrace was not damaged by their continued existence or their payment. There was, therefore, no damage sustained by the latter in the failure of Brown to pay the taxes, and, not being damaged, there was naught of substance in the agreement which it could by subsequent assignment transfer to Boyd.

The judgment is reversed.

*For affirmance*—BODINE, PERSKIE, WELLS, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, DONGES, HEHER, VAN BUSKIRK, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 13.