NEW ORLEANS COLD STORAGE AND WAREHOUSE COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94518. Promulgated June 22, 1939.

*Percy S. Benedict, Esq.*, for the petitioner.
*Charles H. Curl, Esq.*, for the respondent.

SMITH: This is a proceeding for the redetermination of deficiencies of $1,848.46 and $381.15 in income tax and excess profits tax, respectively, for the period March 1 to December 31, 1936.

The only error alleged in the petition is:

* * * the failure of the respondent to allow as a deduction against petitioner's income ten-twelfths of the real estate and personal property taxes paid to the City of New Orleans, and the State of Louisiana, on August 4, 1936, and December 30, 1936, amounting to Sixty-three Hundred Fifty-two & 40/100 ($6352.40) Dollars.

The petitioner is a Louisiana corporation with its principal place of business at New Orleans. The pertinent facts are stipulated as follows:

1. The petitioner was incorporated on July 3, 1901 under the laws of the State of Louisiana. It keeps its books and filed its income tax returns on the accrual basis.

2. For several years prior to and including the fiscal year ended February 28, 1936 petitioner filed its income tax returns on a fiscal year basis ending on the last day of February.

3. During the year 1936 petitioner made application to change from the fiscal year basis to a calendar year basis and under date of November 12, 1936 the Commissioner of Internal Revenue granted the petitioner permission to change its accounting period to a calendar year basis.

4. The petitioner filed an original and an amended return for the period March 1, 1936 to December 31, 1936. On both returns a deduction for property taxes in the amount of $6,352.40 was made. This was the amount of the property taxes for the year 1936 that had not been claimed on the return filed for the fiscal year ended February 29, 1936.

5. For the fiscal year ended February 29, 1936, the property tax deduction was arrived at by taking the portion of the property tax for the year 1935 that had not been claimed as a deduction on the return filed for the fiscal year ended February 28, 1935 and adding thereto an estimated two-twelfths of the property tax for the year 1936. The same method of computation of deduction for property taxes was employed for years prior to 1935. The books and records were kept on the same basis.

6. Property taxes in the State of Louisiana accrue as a liability against the property on January 1 of each year. In 1936 the real estate assessment rolls for the Parish of Orleans, Louisiana were first opened for fifteen days from February 1 to February 15.

7. Following the instructions of the Internal Revenue Department, petitioners, when they changed their fiscal year so as to make it end December 31, closed their books in accordance with this change.

The sole question presented by this proceeding is whether the petitioner is entitled to deduct from its gross income for the fiscal period March 1 to December 31, 1936, the amount of property taxes accrued upon its books and paid during that period. In its return petitioner deducted from gross income $6,352.40 for such taxes, which was the amount of property taxes for the calendar year 1936 that

had not been claimed on the return filed for the fiscal year ended February 29, 1936. Respondent has disallowed this deduction for the following reason, stated in his notice of deficiency:

(b) Inasmuch as the state and city property taxes became a liability as at January 1, 1936, it is held that the entire amount due instead of two-twelfths is properly deductible in the taxable year ended February 29, 1936 and therefore unallowable in the taxable year March 1, 1936 to December 31, 1936, in accordance with the provisions of Income Tax Unit Ruling 2643, Cumulative Bulletin XI–2, page 81 (1932).

The above referred to I. T. 2643 bears the following headnote:

Ownership of property in Louisiana on January 1 is the event which determines the liability for both real estate and personal property taxes and fixes the amount, though not ascertainable on that date. Real and personal property taxes in Louisiana accrue, therefore, for Federal income tax purposes, on January 1 of each year.

Citing numerous court decisions of the State of Louisiana, the Commissioner concludes:

\* \* \* that the levying of taxes is for the "calendar years," and the "assessment" of property for the "purpose of levying" the "annual taxes" is likewise for the calendar year. So, when the law provides that assessment must begin on the 2d of January and be completed on the 1st day of March, it contemplates an assessment on the basis of the condition of things existing on the 1st day of January.

There appears to be no question but that under the laws of the State of Louisiana real and personal property taxes become a liability of the person who owns the property on January 1. Personal property acquired after January 1 may likewise be taxable. In *City of New Iberia* v. *Police Jury of Iberia Parish,* 135 La. 769; 66 So. 193, it is stated: "For the purpose of assessment, the status of the property is to be taken as of date the 1st of January of the year in which the assessment is to be made. See *Bunkis Brick Works* v. *Police Jury,* 113 La. 1062; 37 South. 970; *Insurance Co.* v. *Board of Assessors,* 49 La. Ann. 401, 21 South. 913."

Personal and property taxes in Louisiana are "annual taxes." In New Orleans the commission council at its first meeting in the month of December in each and every year levies the taxes for the following calendar year. The assessors are required to meet not later than November 1 of each year and are required to complete assessments on or before January 31 of the following year. The assessment rolls are open to the inspection of the public for correction for a period beginning February 1. After the rolls are completed they are delivered to the collector, the recorder of mortgages, etc. Beginning with the year 1935 the first installment of taxes in New Orleans became payable in the month of June, the second installment during the

month of September, and the third and final installment during the month of December.

By an amendment to the law in 1936 (Act No. 227 of 1936), the owner of property, on August 1 of each year is made liable for the tax which may later be levied and assessed for the following calendar year. This amendment became effective for real and personal property taxes for 1937 and succeeding years.

So far as the briefs of the litigants in this case show and so far as the Board has been able to determine, no case involving similar facts has ever been presented to the Board for decision. The Board has had occasion, however, to determine whether taxpayers on an accrual basis were entitled to deduct from gross income taxes which had become a fixed liability within the taxable year and charged as an accrual upon its books of account even though the date for payment thereof had not arrived. We have sustained the taxpayers' contentions upon this point in the following cases: *H. H. Brown Co.*, 8 B. T. A. 112; *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736; *Crown Willamette Paper Co.*, 14 B. T. A. 133; *Arcade Department Store, Inc.*, 18 B. T. A. 1172. In *Patrick Cudahy Family Co.*, 36 B. T. A. 1147, the facts and decision of the Board were as follows:

Under the laws of the State of Wisconsin both real and personal property taxes are assessed as of May 1 in each year. The rate of tax is not determined and the assessment of the tax is not made until after November 1. The petitioner keeps its books of account and makes its income tax returns upon the accrual basis and for a fiscal year ended June 30. In its income tax returns for 1933 and 1934 it deducted from gross income personal property and real property taxes which became due and were paid by it within each fiscal year. The respondent has amended such returns and allowed as a deduction from gross income the taxes which were assessed as of May 1 falling in each fiscal year. *Held*, that the petitioner is entitled to deduct from the gross incomes of the fiscal years ended June 30, 1933, and June 30, 1934, the real property and personal property taxes which it claimed as deductions in its returns.

In the last cited case it was the contention of the respondent that, inasmuch as the assessment of the tax was made as of May 1, that date was the accrual date for the taxes. The Board held otherwise, however, upon the theory that all of the facts for the determination of the tax liability were not known by the taxpayer on May 1. Our decision in that case was affirmed by the United States Circuit Court of Appeals for the Seventh Circuit, 102 Fed. (2d) 930. In its opinion the court said: "We think it cannot be said that liability for the taxes accrues until the events by which that liability is fixed have occurred."

Applying the same principle to the proceeding at bar, we think it must be held that the liability for the taxes here in question did not accrue within the meaning of the taxing statute on January 1, 1936.

The assessment roll was not completed on that date. The assessors apparently had until some time in May for the determination of the exact tax liability. The petitioner was not required to file its income tax return for the fiscal year ended February 29, 1936, until May 15, 1936. It "estimated" what two-twelfths of the 1936 levy would be in making up its return. This fact shows that the petitioner did not know its actual personal and property tax liability for 1936 at the date the return was filed.

From the stipulated facts it is impossible to determine just when all the events had occurred that fixed the petitioner's 1936 liability for personal and property taxes. That date was after January 1 and prior to the date the first installment was due in June. We do not think, however, that it is necessary in this proceeding to determine the exact date when all the events had occurred which fixed the petitioner's liability for 1936 taxes. The Revenue Act of 1936, consonant with similar provisions of the income tax acts from 1916, provides:

SEC. 41. GENERAL RULE.

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

According to the stipulated facts it had long been the practice of the petitioner to deduct, from gross income in its fiscal year returns ending on the last day of February, ten-twelfths of the property taxes levied for the prior calendar year and two-twelfths of such taxes levied for the calendar year in which its fiscal year ends. The respondent has accepted such returns and has never raised any question as to the correctness of such accounting. Pursuant to authority granted by the respondent, the petitioner changed its accounting period from a fiscal year to a calendar year basis in 1936 and filed a tax return for the fiscal period March 1 to December 31, 1936, deducting from gross income the portion of the taxes levied for 1936 which it had not deducted in the prior fiscal year return. The taxpayer's books of account show such accrual of taxes. The deduction of these taxes has been disallowed by the respondent in the determination of the deficiency.

By section 47 of the Revenue Act of 1936, returns for a period of less than 12 months are provided for where there is a change in the accounting period from a fiscal year to a calendar year or vice versa. Under article 47-1 of Regulations 94, the return for a short period must be made upon the same basis as the return for a full year. The

petitioner has followed this regulation and made its return for the period March 1 to December 31 in accordance with its books. The respondent has not. By his determination the petitioner will never get the benefit of the deduction from gross income of the portion of the taxes paid for 1936 which were not claimed in the return filed for the fiscal year ended February 29, 1936. We do not think that this result was contemplated by Congress.

The pertinent question here is whether the method of bookkeeping employed by the petitioner correctly reflected the income of the petitioner for 1936 and prior years. We think that it did.

In *Thurman* v. *Studebaker Corporation* (C. C. A., 7th Cir.), 88 Fed. (2d) 984, the court stated:

Where a taxpayer's books are kept on an accrual basis, the expenses paid or incurred, properly charged upon the books of the taxpayer and properly attributable to the process of earning income during the period covered by the return, must be deducted in that period, in order to reflect the true income of the taxpayer. *United States* v. *Anderson* (*United States* v. *Yale & Towne Mfg. Co.*), 269 U. S. 422, * * * *American National Co.* v. *United States*, 274 U. S. 99, * * * In the first mentioned case, certain taxes accrued in the year 1916 but could not be determined until the following year, at which time the exact amount became evident. The taxpayer, though it entered a reserve for the taxes in 1916, made the deduction in 1917 when the taxes were fixed and paid. The books having been kept on an accrual basis, the Supreme Court ruled that the deduction should be made in the year 1916, as the expense was properly allocable to the income realized that year. The court said the accrual system was approved "to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis. The appellee's true income for the year 1916 could not have been determined without deducting from its gross income for the year the total cost and expenses attributable to the production of that income during the year. The reserve for munitions taxes set up on its books for 1916 must have been deducted from receivables for munitions sold in that year before the net results of the operations for the year could be ascertained."

In the early case of *United States* v. *Woodward*, 256 U. S. 232, it it was said that the word "accrued" means "became due."

In *United States* v. *Anderson*, 269 U. S. 422, the same Court held that when it thus defined the term "accrued" it did not have in mind the provision of an earlier income tax act corresponding to section 41 of the Revenue Act of 1936. In the last named case the Court said that the accrual system was incorporated into the law:

* * * to enable taxpayers to keep their books and make their returns according to the scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and *properly attributable to the process of earning income during that period* * * *. [Italics supplied.]

The principle thus announced was further extended in *Fawcus Machine Co.* v. *United States*, 282 U. S. 375, in which it was held that taxes upon the profits for the year 1918 accrued in that year even though the Revenue Act of 1918 was not passed until February 24, 1919, and made changes in the rates. The Court observed that:

\* \* \* The Act [Revenue Act of 1918] was passed in ample time to allow the taxpayer to readjust its accounts for that year by including these taxes; and, since its books were kept on an accrual basis, it was necessary that this should be done in order clearly to reflect the income for 1918.

From the above cited opinions we think it is clear that the petitioner is entitled to deduct from the gross income for the period March 1 to December 31, 1936, the portion of the taxes levied for 1936 which were not claimed as a deduction in the return filed for the fiscal year ended February 29, 1936. At least ten-twelfths of the property taxes levied for the calendar year 1936 appertained to the period March 1 to December 31, 1936. In our opinion it is illogical for the respondent to contend as he does in this proceeding that the petitioner's ownership of property during this period was without any burden for property taxes, although the return for such period was made in accordance with its books of account. The petitioner in order clearly to reflect its income for the ten-month period has allocated to that period ten-twelfths of the tax for the calendar year 1936. The amount allocated was "properly attributable" to the process of earning income during the ten-month period.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

BLACK, dissenting: I respectfully dissent from the majority opinion because, as I view the facts, no taxes accrued against petitioner during the period from March 1 to December 31, 1936. That is the period that we have before us.

Petitioner kept its books on the accrual basis. Therefore, since no taxes *accrued* against petitioner during the period in question, it would have no right to take a deduction for taxes accrued during such period. I think the Commissioner should be sustained.

LEECH agrees with this dissent.