## UNITED STATES v. PARCELS OF LAND IN CITY OF CLIFTON, PASSAIC COUNTY, N. J., et al.
### No. M–212A.

District Court, D. New Jersey.
April 5, 1943.

John G. Dluhy, City Counsel, of Clifton, N. J., for City of Clifton.

Ralph A. Corbin, of Passaic, N. J., for petitioner.

SMITH, District Judge.

The United States of America, on April 21, 1941, instituted a proceeding in this court for the acquisition of certain lands in the City of Clifton, New Jersey, and pursuant to Section 1 of the Act of February 25, 1931, c. 307, 46 Stat. 1421, 40 U.S.C.A. § 258a, filed in the cause a declaration of taking. There was thereupon deposited in the registry of the court, to the use of the persons entitled thereto, as required by the said Act, the sum of $39,103.90, the sum estimated by the acquiring authority to be just compensation for the lands taken. Title to the said lands in fee simple absolute vested in the United States of America. Thereafter, on July 21, 1941, a judgment in favor of the defendant Bobbink and Atkins, a corporation of New Jersey, the former owner of the lands taken, and against the United States of America was duly entered in the cause on the consent of the parties. The sum on deposit in the registry of the court, except $1,553.50 thereof, was thereupon distributed among and paid to the persons and corporations entitled thereto. The balance was retained in the registry of the court pending the determination of the liability, if any, of the said defendant to the City of Clifton for taxes for the current year, 1941.

The matter is before the Court at this time on the application of the said defendant for the payment of the balance. The application is resisted by the City of Clifton on the ground that the taxes for the current year, although not due at the time of the acquisition, are chargeable against and deductible from the fund on deposit. It is established that the law of

New Jersey is determinative of the question here presented. United States v. Certain Parcels of Land in Philadelphia, Pa., et al., 3 Cir., 130 F.2d 782; United States v. Certain Parcels of Land in City of San Diego et al., D.C., 44 F.Supp. 936; United States v. Certain Parcels of Land in Prince George's County et al., D.C., 40 F.Supp. 436; United States v. Certain Land in City of St. Louis et al., D.C., 29 F.Supp. 92. It is the opinion of the Court that the taxes for the current year are chargeable against and deductible from the fund only to the extent of either the tax lien, if any, or the personal liability of the defendant.

■ It is difficult to determine under our complicated tax system when the tax assessments for the current year become definitive, but, for the purpose of our present discussion, we may accept either of two dates: January tenth, when the assessment list is filed with the county board of taxation as required by statute,[1] or March tenth, when the assessment list is completed by the county board of taxation and transmitted to the county treasurer as required by statute.[2] The latter date, however, would seem to be the recognized date because of the authority vested in the county board of taxation to "revise, correct and equalize the assessed value of all property,"[3] and fix the "general tax rate."[4] Thereafter the taxes are due and payable in quarterly installments on February first, May first, August first and November first.[5] It is clear, however, that the mere imposition of the tax does not create a lien on the land on which it is assessed. Under the statute taxes are "a lien on the land on which they are assessed on and after December first of the year in which they fall due."[6] It necessarily follows that the taxes for the current year are not chargeable as a lien against the fund and are therefore not deductible. United States v. Certain Lands in Borough of Brooklyn et al., 41 F.Supp. 51; United States v. 44,549 Square Feet of Land in Borough of Brooklyn et al., D.C., 41 F.Supp. 523; United States v. Certain Lands in Town of Hempstead, D.C., 31 F.Supp. 513; United States v. Certain Land in City of St. Louis et al., supra; cf. United States v. Certain Parcels of Land in Philadelphia, Pa., et al., 130 F.2d 782.

■■ The only remedy available to the City of Clifton, under the circumstances here existing, is the enforcement of the personal liability of the defendant. The defendant is personally liable under the statute [7] for the taxes due and payable for the period between January 1, 1941 and April 21, 1941, the period during which it held title to the property and enjoyed the exclusive use thereof. The statute expressly provides that the "owner of property to be acquired shall be liable for the payment of such proportion of the taxes for the current year * * * as the time between the previous January first and the date of the delivery of the deed by the seller to the purchaser or the date the condemning body acquired its title bears to a full calendar year." The personal liability of the defendant is fixed by the quoted provisions. Prior to the enactment of the amendment of 1933, the pertinent provisions of which are quoted in the footnote, L. 1933, c. 334, § 1, P. 878, the taxes for the current year were neither deductible from the award made the property owner in a condemnation proceeding nor recoverable by the municipality. Empress Mfg. Co. v. City of Newark, 109 N.J.L. 131, 160 A. 388. The taxpayer is not personally liable for taxes in the absence of a statute creating such liability. Boyd v. Brown, 115 N.J.L. 611, 181 A. 142; Bea v. Turner & Co., 115 N.J.Eq. 189, 169 A. 832; Borough of Wrightstown v. Salvation Army, 97 N.J.L. 89, 123 A. 607. The liability of the defendant to the City of Clifton is limited to

---

[1] Revised Statutes, 54:4–35, N.J.S.A. 54:4–35.

[2] Revised Statutes, 54:4–52, N.J.S.A. 54:4–52.

[3] Revised Statutes, 54:4–47, N.J.S.A. 54:4–47.

[4] Revised Statutes, 54:4–48, N.J.S.A. 54:4–48.

[5] Revised Statutes, 54:4–66, N.J.S.A. 54:4–66.

[6] Revised Statutes, 54:5–6, N.J.S.A. 54:5–6.

[7] Revised Statutes, 54:4–56, N.J.S.A. 54:4–56.

"Upon * * * the acquisition through eminent domain or similar proceedings of any real estate in this state, unless otherwise provided in a written agreement between * * * the parties in said proceedings or unless otherwise expressly stipulated, the * * * owner of property to be acquired shall be liable for the payment of such proportion of the taxes for the current year upon the property * * * so acquired as the time between the previous January first and * * * the date the condemning body acquired its title bears to a full calendar year."

the taxes due and payable for the period stated.

The defendant shall prepare and submit, on notice to the City of Clifton, an order consistent with this opinion.