CARPENTER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. MUNICIPALITIES—PARKS—COMMISSIONERS' AWARD—LIEN FOR TAXES.
   Under Laws 1894, c. 746, requiring commissioners to estimate the damages to owners of land taken for a city park, which report, when confirmed, shall be "final and conclusive" on the city, etc., the confirmation of the report vests title in the city free from liens, and the liens then existing are transferred to the award, and hence the city can deduct from such award sums due it as taxes on the land. The words "final and conclusive" refer to the amount, and not to the ownership, of the award.

2. SAME—DEMAND.
   A demand by the owner for the entire award will not start the running of interest, within section 4, since it was for an amount in excess of what he was entitled to.

Appeal from special term, New York county.

Action by Harry Carpenter, to compel payment and distribution of an award made in proceedings by the city of New York and others to acquire certain lands for park purposes. There was a judgment for plaintiff (58 N. Y. Supp. 421), and defendant city appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Henry G. Atwater, for respondent Carpenter.
Abraham Nelson, for respondents Hartfield and Davis.

O'BRIEN, J. The action is to recover an award as compensa-
tion for the city's taking certain land by virtue of chapter 746,
Laws 1894, for a public park in the Twelfth ward. The commis-
sioners of estimate reported "the sums of money awarded  *  *  *
to the respective owners, lessees, parties, and persons in interest
for the loss and damage, respectively, sustained by them by rea-
son of the taking of said lands," naming the sum of $27,200 to J.
H. Jewell, as assignee for the benefit of creditors, subject to va-
rious mortgages unpaid, which were specified. The report was
confirmed December 30, 1897, and, by statute, four months there-
after was allowed to the city for payment of the awards. On
April 30, 1898, a demand for payment of the sum of $27,200 was
made in behalf of Thomas C. Campbell, as substituted assignee
of J. H. Jewell, for the benefit of creditors, which demand remain-
ed uncomplied with until this action was brought. At the trial it
was admitted, also, that demands for the payment of the amounts,
respectively, due them under mortgages were made by M. P. Palm-
er, Nanette Hartfield, Abraham Nelson, and Tillie Davis, defend-
ants, on April 30, 1898. The plaintiff in this action is the holder
of one of the mortgages subject to which the award was made,
and he attempts to get a judgment whereby the amount of the
award should be distributed. The city presented two defenses:
First, that the demand of Campbell was invalid, and therefore not
such a demand as would charge the city with interest, its inva-
lidity being that the sum demanded was far in excess of the amount
due him; and, second, that the city had a lien on the award for
taxes and water rates unpaid, dating back to 1893, and amounting,
with interest to March 22, 1899, to the sum of $1,698.30. Upon the
trial, evidence was offered to substantiate Campbell's claim in the
shape of the order of the supreme court appointing him as substituted
assignee, together with proof of the execution and filing of his
bond as assignee. The court below held that the taxes should not
be allowed, and that the demand of April 30th was sufficient to
charge the city with interest therefrom. The questions presented
upon this appeal, therefore, are whether the city was entitled to
retain out of the award the amount of taxes and water rates stand-
ing against the property at the time title was acquired, and wheth-
er any demand of payment of the award had been made sufficient
to start the running of interest against the city.

Upon the first question, as stated, the evidence shows that, when
the city acquired title to the property, the unpaid taxes and water
rates, with interest thereon till March 22, 1899, amounted to
$1,698.30. That this was a first lien, and that the municipality had
a right to enforce it against the property, were not disputed. It

is insisted, because the act under which the proceeding was conducted required that the amount of damages which the persons, respectively, interested therein suffered, should be ascertained, and as nothing was said or appeared in the report upon the subject of taxes, that, therefore, the city was not entitled to deduct them. In other words, the position is that the form of the report, and its entry fixing the awards, are conclusive, and cannot be assailed collaterally. We think that a consideration of the nature and the character of awards made for the property taken will dispose of this contention. It is true the statute provides for the appointment of commissioners, who are to proceed "to make a just and equitable estimate of the loss and damage to the respective owners, lessees, parties and persons respectively entitled to or interested in the lands," and further provides that "such report when confirmed  *  *  *  shall be final and conclusive as well upon the said mayor, aldermen and commonalty of the city of New York as upon the owners, lessees, persons and parties interested in and entitled unto the lands,  *  *  *  and also upon all other persons whomsoever." The words "final and conclusive" have reference to the amount of the award, but it has never been held that they extend to the interests or ownership in the award. And, while the language requires the commissioners to ascertain "the loss and damage," the first step in the proceeding in that direction is to determine the fair market value of the property taken which measures the compensation or amount of damage. Thus, in the present proceeding, in making the award of $27,200, the commissioners, in effect, fixed that sum as the fair market value of the premises taken; and it was their duty to apportion that amount among those interested in the property. In Re Eleventh Ave., 81 N. Y. 436, it was held that the report of the commissioners in a similar proceeding devested the title of all parties to the land, and substituted the awards in the place thereof, and whoever had an estate or interest in the land was entitled to its proportionate value as then existing. The effect, therefore, of the confirmation of the report, is to vest title in the city freed from any lien; and such liens as existed at the time of the confirmation are transferred from the land to the award made therefor, the money taking the place of the land.

In conflict with the authority relied upon by the court below, of Farrington v. City of New York, 83 Hun, 124, 31 N. Y. Supp. 371, to support the proposition that, as to the persons entitled to the land, the report is final and conclusive, we have the cases of Spears v. Mayor, etc., 87 N. Y. 373, and Cassidy v. City of New York, 62 Hun, 358, 17 N. Y. Supp. 71. It is, however, manifestly just that, out of the award, which represents the fair market value of the property taken, the city, holding a first lien for taxes, should be paid, and a contrary ruling should not be made, except by force of some statute or binding authority. We think there is nothing in the language of the statute relating to condemnation of property for park purposes which would preclude the city from asserting its right to deduct the taxes before paying the award, nor

have we been referred to any decision directly holding that, after the confirmation of the report of the commissioners, a person having an interest in the fund, which has been substituted in place of the land, was not entitled to be paid. Our conclusion, therefore, is that the court below erred in not allowing the city to deduct the taxes from the amount of the award.

As we have reached the conclusion that the city was entitled to deduct the taxes, it is evident, apart from the question whether the demand was made by the proper persons, that the amount demanded was larger than the parties were entitled to receive. It is conceded that, had a valid demand been filed on April 30, 1898, the city thereafter would have been liable for interest on the award, pursuant to section 4, c. 746, Laws 1894. The answer of the city states that "on or about the 30th day of April, 1898, a demand was duly filed with the comptroller of the city of New York, on behalf of the defendant Thomas C. Campbell, as substituted assignee [in place of John H. Jewell], for the payment of the sum of $27,200; * * * that said demand was for a sum far in excess of the amount due to said Jewell or his substituted assignee, inasmuch as the said award was made subject to the various mortgages hereinbefore set forth and described." Unless Campbell, as substituted assignee, was entitled to receive the amount demanded, the refusal of the city to pay that amount would not start the interest running.

In Cutter v. Mayor, etc., 92 N. Y. 166, it was said:

"Where, however, a demand is necessary as a foundation of a claim of interest, it must be a distinct demand for the sum of money to which the party is then entitled. It is not enough that by some change in circumstances, brought about by his own act or the act of others, he may become entitled to it. Here the demand included more than the plaintiffs could justly claim; for, until discharged of record, the amount of the mortgage debt was to be withheld."

Though we should conclude that Campbell—either alone or in connection with the separate mortgagees—was the proper party to make the demand, the fact remains that the sum asked for was in excess of that to which the parties were entitled, and the demand was therefore properly refused.

The judgment accordingly should be reversed, and as the facts are not disputed, but present simply questions of law, there should, upon both questions, be a judgment in favor of the city, with costs. All concur.