### DEERING v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1 CONDEMNATION OF LANDS—AWARD—DEMAND FOR PAYMENT—INTEREST.
    Under Laws 1894, c. 56, § 4, providing that payment of awards for lands taken in laying out a park shall be made within four months after confirmation of the commissioner's report, and that, in case of default in payment, the property owner shall be entitled to interest from the time of demand, where a demand was made for the full amount of an award, and the property owner owed taxes and assessments which the city was entitled to deduct from the award, the demand made was not sufficient to set running a claim for interest.

2. SAME—ANSWER—SUFFICIENCY.
    To a complaint alleging that the amount of plaintiff's award had not been paid, and that demand had been made, etc., entitling plaintiff to interest, under Laws 1894, c. 56, § 4, an answer was interposed that the property owner owed taxes and assessments which were a lien against the award, and that plaintiff was entitled to no interest for failure to make demand, to which answer plaintiff demurred. *Held*, that as the demand, to set interest running, must be for the precise amount due, the allegations in the answer as to the taxes and assessments being liens against the award were sufficient to entitle defendant to prove the liens against the property, and to raise the question of the city's liability to pay interest.

3. SAME—REPLY.
    The answer having been interposed not as a counterclaim, but as a defense to a portion of plaintiff's claim, it was not such an answer as required a reply.

Appeal from special term, New York county.

Action by James A. Deering against the city of New York for the value of lands taken for a public park, with interest from date of demand for payment. From an interlocutory judgment overruling plaintiff's demurrer to defendant's answer, plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Clarence L. Barber, for appellant.

George Landon, for respondent.

RUMSEY, J. The complaint alleges that the plaintiff's assignor was the owner of certain premises taken for a park in the Twelfth ward of the city of New York, pursuant to chapter 56 of the Laws of 1894; that proceedings were had to condemn the land, and that on the 20th of May, 1899, the report of the commissioners was confirmed, by which there was awarded to the plaintiff's assignor the sum of $24,123.93; and that this award was assigned to the plaintiff by the owner. It is further alleged that on the 27th of September, 1899, the plaintiff demanded payment from the comptroller of the full amount of the award, and that on the 22d of November the plaintiff again demanded the "settlement, adjustment, and payment of the claim against the city of New York for the sum of $24,123.93, subject to and less the amount due and unpaid on account of all taxes and assessments lawfully confirmed prior to and a lien upon the premises for which the said award was made at the date of the report," etc. The relief demanded is that the plaintiff may recover the sum of $24,123.93, with interest from the 27th of September, 1899. The answer admits all the allegations of the complaint. For a further answer it sets up that on the 27th of September, 1899, the date of the first demand, there were certain taxes and assessments which were valid and subsisting liens against the award, and amounts of the various taxes and assessments are set up in full. It is further alleged that a part of these taxes and assessments were paid, and that others of them remain due and unpaid, and are still outstanding liens against the award. The answer then alleges that the demand of the 27th of September, 1899, was not a valid demand, because it was for a sum in excess of the amount due. Then follows an allegation that the plaintiff is not entitled to any interest on the award, because of his failure to make a demand. It will be seen that the only question raised by the answer is as to the amount which the plaintiff is entitled to recover by virtue of the award, and whether he is entitled to any interest upon it. The demurrer interposed by the plaintiff to the answer upon the ground that it was insufficient in law upon its face has been overruled, and from the judgment entered upon the dismissal of the demurrer this appeal is taken.

The right to interest upon awards of this nature is given by section 4 of chapter 56 of the Laws of 1894, by which the city is required, within four months of the confirmation of the report of the commissioners, to pay to the parties entitled to the award the sums reported in their favor, respectively, "and, in default thereof, the said persons may sue for and recover the same, with lawful interest after demand thereof, and the costs of the suit." It is quite clear that no interest can be recovered until a demand has been made, and so it has been determined. Carpenter v. City of New York, 44 App.

Div. 230, 60 N. Y. Supp. 633. All taxes and assessments which are liens on the premises at the time the award is made are transferred to the award, and the city is entitled to deduct such as are valid liens. Carpenter v. City of New York, supra. The amount of these liens went directly to reduce the sum which the city was liable to pay upon the award, and therefore, when the demand was made for the amount of the award on the 27th of September, 1899, the sum claimed was larger than the plaintiff was entitled to receive. For that reason the liability to pay interest did not then accrue, because, to set running a claim for interest, the demand must be for the precise sum which the plaintiff is entitled to have. Cutter v. Mayor, etc., 92 N. Y. 166–169; Carpenter v. City of New York, supra. The answer, therefore, was sufficient to raise the question of the city's liability to pay interest, as it was intended to do, if the allegations of the answer as to the existence of the liens were sufficient. The allegation in that regard is, "The following taxes and assessments were, on the 27th of September, 1899, valid and subsisting liens against the awards made to the plaintiff." The plaintiff insists that this allegation is a mere conclusion of law, and therefore not admitted by the demurrer. His claim is that, as certain proceedings are necessary to make an assessment a valid lien, such proceedings must be set out in the answer in full with respect to each alleged lien, so that it can be seen from an inspection of the answer that the taxes and assessments do in fact constitute valid liens against the award. We do not agree with this contention. The defendant was not called upon to set up all the evidence necessary to prove that these taxes and assessments were actually levied, and had become liens. The material fact here was that they constituted a lien against the award, and the statement of that fact was, we think, a sufficient allegation to entitle the defendant to prove the lien in the manner required by law. The answer was, therefore, sufficient. But it was not interposed as a counterclaim, but only as a defense to a portion of the claim of the plaintiff, and, while it was sufficient for that purpose, it was not such an answer as required a reply. The judgment, therefore, which required the plaintiff to reply to the answer, was erroneous, and must be modified by striking out that portion of it, and, as thus modified, affirmed, with costs to the respondent, and with leave to the plaintiff to withdraw his demurrer within 20 days upon payment of the costs in this court and in the court below. All concur.