(114 App. Div. 519.)

## In re CITY OF NEW YORK.

## HOFFMAN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. COURTS—DECISIONS—STARE DECISIS.

 The decision of a Special Term, unappealed from, vacating a special assessment for a municipal improvement. which had never been affirmed by the Court of Appeals, was not conclusive of the invalidity of a similar assessment on the same roll, on the same grounds, under the doctrine of stare decisis.

2. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—VALIDITY—REMEDIES.

 Greater New York Charter, Laws 1901, pp. 402, 426, c. 466, § 958, § 1001 provides that no action or suit in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in the city or to remove a cloud on title, and the owners of property assessed shall be confined to the remedies in such cases provided by such title. The comptroller is authorized to settle claims for assessments, and section 959 (page 403) authorizes proceedings to correct an assessment for fraud or substantial error on petition of the property owner. Section 962 (page 404) pro-

vides that no court shall vacate or reduce any assessment whether void or voidable, otherwise than to reduce it to the extent that it may be shown to have been increased by fraud or substantial error, etc. *Held*, that such provisions merely precluded an action or special proceeding for affirmative relief by the landowner against an invalid assessment, and did not deprive him of the right to contest the validity of such assessment whenever it was sought to be enforced.

3. SAME—PAYMENT OF ASSESSMENT—RECOVERY.

Under Greater New York Charter, Laws 1901, p. 194, c. 466, tit. 3, precluding a court from annulling an assessment for municipal improvements on the ground that it was void, the party assessed may pay the assessment when enforcement thereof is threatened, and recover the amount so paid without first vacating the assessment.

4. EMINENT DOMAIN—AWARD—DEDUCTION OF ASSESSMENTS.

Where, in a proceeding by a landowner to recover an award for the condemnation of certain wharfage rights, as authorized by Greater New York Charter, Laws 1901, p. 426, c. 466, § 1001, the comptroller sought to retain from the award certain invalid street assessments levied against a pier condemned, the court had jurisdiction to determine whether the assessment was void, and on so finding to deny the city's right to withhold any part of the award to pay such assessment.

Appeal from Special Term, New York County.

Proceedings by the city of New York to acquire wharfage rights, etc., appurtenant to Pier Old No. 18, East river, and for improvement of the water front of the city on such river. From an order of the Special Term, denying the motion of Samuel B. Hoffman and others, as trustees under the will of Eugene A. Hoffman, deceased, for an order requiring the comptroller of the city of New York to pay an award made to them in such proceeding, together with interest thereon, and without a deduction for certain alleged void assessments, the trustees appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

William H. Harris, for appellants.

George L. Sterling, for respondent.

LAUGHLIN, J. The application to the court for the order requiring the comptroller to pay the award was made pursuant to the provisions of section 1001 of the Greater New York Charter (Laws 1901, p. 426, c. 466), which, so far as material, provides as follows:

"The person or persons to whom awards shall be made in such proceedings, and the person or persons in whose favor costs and expenses may be taxed, shall not have an action at law against the city of New York for such awards, costs or expenses, but the court in which said proceedings have been had, upon the application of any such person or persons, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall require and direct the comptroller to pay said awards, costs, and expenses from the said fund, and enforce said order or mandate in the same manner as other orders and mandates of said court are enforced."

This provision appears to be a re-enactment of section 992 of the consolidation act (Laws 1882, p. 277, c. 410, as amended by chapter 660, p. 1490, of the Laws of 1893, and chapter 449, p. 806, of the Laws of 1895). Prior to the amendment in 1893, an action might have been brought for the award; but since that time the person in whose favor the award is made appears to have been limited to this remedy.

No question with respect to the regularity of the application, or as to whether the statue contemplates merely an order or an order for a writ of mandamus, is raised or presented for decision. The appellants show by their moving papers that they were the owners of an undivided interest in the pier rights taken in this proceeding; that they were duly awarded therefor the sum of $8,457.60 by the commissioners, whose report was duly confirmed; that demand was duly made upon the city for the payment of the award, and that the city refused to pay the same, in whole or in part, unless the appellants would con-. sent that it deduct the sum of $335.76, the present amount of an assessment of $198.34, levied under the provisions of chapter 449, p. 614, of the Laws of 1889, against the pier, which assessment was confirmed by the board of revision and correction of assessments on the 6th day of May, 1896, and entered upon the record as required by law; that the act only authorized the levying of assessments to pay the expense of paving, repaving, and repairing certain streets in the city of New York described in city grants of land under water, with covenants for paving and repairing, and "as a substitute for covenants for paving, repaving, and repairing said streets"; that the assessment levied against the pier property, designated as "Parcel No. 451," was for paving South street from Whitehall street to Corlears street; that upon the same roll 488 parcels were assessed; that the undivided interest of the appellants in said property was not derived through, nor was it held under, any grant of land under water, containing covenants requiring the grantee, his heirs or assigns, to pave, repave, keep in repair, or maintain South street, or any part thereof; that South street is not a street or avenue described in any grant of land under water from the mayor, aldermen, and commonalty of the city of New York, containing covenants requiring the grantee, his heirs or assigns, to pave, repave, keep in repair, or maintain such streets; that neither the appellants nor their grantors took any step or proceeding to release them from the obligations of any water grant covenants to pave, repair, or maintain any street in front of or adjacent to their property, or elected or agreed that their property should thereafter be liable to be assessed, as provided in section 2, c. 449, p. 615, of the Laws of 1889, and that South street, prior to the attempt to levy said assessment, had been paved and the expense thereof paid by the adjoining property owners, and that no petition for repaving it had been signed, as required by law; that said Pier 18 was erected solely upon lands owned by the state of New York; that it was built pursuant to a resolution of the common council passed June 1, 1801, pursuant to section 5 of an act of the Legislature passed April 3, 1798, and that it has since been enjoyed under a claim of title by the appellants and their predecessors, derived from said resolution of the common council, and that they have not obtained or received any grant from the state of New York or the city of New York to the land under water on which the pier rests; that the said chapter 449, p. 614, of the Laws of 1889, therefore, did not and could not authorize the said local assessment, which, although an apparent lien, is void for the reasons assigned. The appellants also show that a similar assessment upon the same roll, in a proceeding in the Supreme Court, brought by a landowner, to which the city was a party, was de-

clared void, and that no appeal was taken from the decision, and they rely upon the case of Chase v. Chase, 95 N. Y. 373, as holding that in those circumstances, on a sale of the appellants' rights, a purchaser would be required to take title without requiring the payment of the assessment, upon the ground that its invalidity clearly appears. This position would be tenable if the litigation had been taken to the Court of Appeals, for it would then be presumed that upon the principle of stare decisis the court would follow its own decision upon the same facts whenever presented; but the Court of Appeals would not be bound to follow the Special Term decision. Moore v. City of Albany, 98 N. Y. 396.

The city does not controvert the facts set forth in the moving papers. The learned assistant corporation counsel neither denies nor concedes that the assessment is void; but he contends that, even though it be void, the court has no authority to require the city on that assumption to pay the appellants the entire amount of their award. He contends that the appellants are confined to such remedy as is given to them by the provisions of title 3 of the Greater New York Charter. Laws 1901, p. 194, c. 466.

It is well settled that clear authority must be found in the statute to authorize the levy of a local assessment. Matter of Petition of Smith, 99 N. Y. 424, 2 N. E. 52; Stebbins v. Kay, 123 N. Y. 31, 25 N. E. 207; Jex v. Mayor, 103 N. Y. 536, 9 N. E. 39; Nehasane Park Ass'n v. Lloyd, 167 N. Y. 431, 60 N. E. 741. Upon the facts shown, which are not controverted, it clearly appears that this assessment was not authorized, and that it is unenforceable and void. It still stands, however, as an apparent lien against the property. No remedy was afforded to the appellants to test the validity of the assessment, or have it canceled or annulled. The only remedy given by the charter to a property owner for affirmative relief against an assessment is by petition, pursuant to sections 958, 959, and 962 of the Greater New York Charter (Laws 1901, pp. 402, 403, 404, c. 466), and that remedy does not extend to assessments that are wholly void, either where their invalidity appears upon the face of the assessment proceedings, or by matters de hors the record. The provisions of the charter, however, merely preclude an action or special proceeding for affirmative relief by the owner against the assessment, and they do not deprive him of the right to contest the validity of the assessment whenever it is sought to be enforced. Matter of N. Y. C. & H. R. R. R. Co., 49 App. Div. 281, 63 N. Y. Supp. 52; Id., 163 N. Y. 604, 57 N. E. 1119; Chase v. Chase, 95 N. Y. 373; Scudder et al. v. Mayor, etc., 146 N. Y. 245, 40 N. E. 734; Mayer v. Mayor, 101 N. Y. 284, 4 N. E. 336; Poth v. Mayor, 151 N. Y. 16, 45 N. E. 372; People ex rel. Martin v. Myers et al., 135 N. Y. 465, 32 N. E. 241. See, also, Matter of Munn, 165 N. Y. 149, 58 N. E. 881. The party assessed may also pay the assessment when enforcement thereof is threatened, and, at least under the New York Charter, which precludes the court from annulling an assessment on the ground that it is void, the amount thus paid may be recovered back without first vacating the assessment. Poth v. Mayor, supra; Jex v. Mayor, supra; Bruecher v. Village of Port Chester, 101 N. Y. 244, 4 N. E. 272.

The learned assistant corporation counsel contends that it is of great importance to the city to have it established that it may deduct invalid assessments from awards made, even though the property owner may immediately recover back the amount paid. No facts or circumstances are pointed out, and it is not apparent that the city will thus obtain any advantage, unless it be the inconceivable advantage of being in a position to defend the action upon the ground that the payment has been made voluntarily. In view of the length of time that this assessment has stood without any step having been taken by the city to enforce it, and in view of the fact that the appellants have full knowledge of the facts upon which its invalidity depends, it is not at all clear that they would have a right to recover the money, should they acquiesce in the demand of the city to allow it to deduct from the award the amount of the assessment. Tripler v. Mayor et al., 125 N. Y. 617, 26 N. E. 721.

Notwithstanding the fact that the learned counsel for the appellants does not make the point, I am of opinion that it would be hazardous for the appellants to acquiesce in the demand of the city, and the court should not compel them to take that course unless it is clear that there is no authority to require payment of the award in full. Why should the claimants be obliged to virtually advance the present amount of this void assessment to the city, and then have recourse to an action at law which will take years to recover it back. Since the Legislature has been sufficiently generous to this municipality to deprive a landowner of any affirmative relief by action, certiorari, or otherwise against a void assessment that is a lien upon his real property, even though it may embarrass him in selling or procuring a loan upon his property, an important duty devolves upon the comptroller of canceling, on the application of property owners to cancel, void assessments when advised of this invalidity by the corporation counsel, and when that official consents thereto in writing, as prescribed in section 958 of the Greater New York Charter. Under the former practice, when an action was brought to recover the amount of an award, it was held that the city was entitled to interpose as a defense pro tanto the amount of any tax or assessment which was a valid lien upon the property. Deering v. City of New York, 51 App. Div. 402, 64 N. Y. Supp. 606. The court in that case, following Carpenter v. City of New York (Sup.) 60 N. Y. Supp. 633, which was based upon Matter of Opening of 11th Avenue, 81 N. Y. 436, announced the following doctrine:

"All taxes and assessments which are liens on the premises at the time the award is made are transferred to the award, and the city is entitled to deduct such as a valid lien."

The gross award stands as a substitute for the land which the city takes free and clear from incumbrances, and the rights, interests, and liens of parties are transferred to the fund. Upon this theory, it is evident, therefore, that it is no longer a question of canceling or annulling an assessment. The title to the land or property rights has passed to the city. The appellants are no longer interested in the question as to whether the assessment is or is not canceled. The question is not on the cancellation or enforcement of the assessement. The question is who are entitled to the fund, and what are their respective rights and inter-

ests. The eminent domain commission determined and made an award for the value of the entire interest. Now the city asserts a lien against the award, and insists on a deduction. It would seem that the authority conferred upon the court to order the payment of the award must carry with it authority to determine the validity of any claim made by the city upon which it seeks to withhold any part of the award. I do not wish to be understood as expressing the view that the property owner may, on an application for payment of the award, review the amount of the assessment, or question its regularity, upon grounds for which he is given a remedy by the charter for affirmative relief.

I see no injustice to the city likely to result if the court entertains jurisdiction to decide whether an assessment is void, and to deny the right of the city to withhold any part of an award to pay or avoid assessment; and I see that injustice is almost certain to befall the claimant if this be not done. Matter of Hagemeyer (App. Div., Second Department, June 1906, opinion handed up) 99 N. Y. Supp. 369, is not in point. That was an attempt by a property owner to reduce the amount of an assessment by having interest alleged to have been erroneously added canceled by writ of mandamus. The payment of an award was not involved. The court held that the petitioner was confined to the statutory remedies given him in the charter.

For these reasons, therefore, I think the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

CLARKE, J. So long as the title to the property taken in the condemnation proceedings remained in private ownership, the question of the invalidity of the assessment could be interposed as a defense to any proceeding taken by the city to collect the amount of the assessment or to enforce the lien. By proceedings in invitum the property has been taken from the owners and acquired by the city, and in lieu of the property stands the money award. The attempt to collect the assessment, and so enforce the alleged lien, is transferred from a proceeding against the property to a withholding of a portion of the money, the payment of which is required to transfer the title. In my opinion this is a proceeding to collect the amount of the assessment, and the owners of the fund have the same right to resist such collection upon the ground of the invalidity of the assessment as they would have had as owners of the property. If not, a valuable right has been taken from them, and private property would be taken for public use without due compensation. For this reason, I agree with Mr. Justice LAUGHLIN that the order should be reversed, and the motion granted.