## UNITED STATES v. CERTAIN LANDS LOCATED IN TOWN OF HEMPSTEAD, NASSAU COUNTY, N. Y., et al.

### No. 3520.

District Court, E. D. New York.

Feb. 23, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., and Nathan L. Goldstein, Sp. Asst. to Atty. Gen., for the United States.

Eugene R. Hurley, Co. Atty., of Mineola, L. I., N.Y., for Nassau County.

George R. Brennan, Town Counsel, of New York City, for Town of Hempstead.

Charles Whelan, of New York City, for defendant Margaret J. Repke.

Damage Parcels Nos. 97 and 111.

ABRUZZO, District Judge.

Awards were made of $421 for damage parcel No. 97 and $880 for damage parcel No. 111 by the Commissioners. On the 10th day of November, 1939, the Court confirmed the report of the Commissioners; and on the 30th day of November, 1939, title vested to this property in the government. The disturbing question of taxes is now before the Court.

The County of Nassau, the Board of Supervisors and the County Treasurer contend that the assessable status of the property on the first day of June of each year determines that the property is liable to taxation by the County; and that the assessed valuations as arrived at by the County Board of Assessors on the first day of June of each year are the valuations used for the basis upon which taxes are later raised and levied for the *ensuing year*. All taxes within the County of Nassau are due and payable the first day of January and the first day of July of each year and the school taxes are due and payable the first day of October and the first day of April.

Upon these two parcels of property, the County of Nassau claims to be due the 1940 land taxes plus the school taxes due on the first day of October, 1939, and the first day of April, 1940.

It is undisputed that the government cannot be held for the payment of taxes. Article 1, Section 4, Subdivision 1, Tax Law, provides as follows:

"The following property shall be exempt from taxation:

"1. Property of the United States."

. Chapter 272 of the Laws of 1939 in section 5—15.0 of the Administrative Code of Nassau County provides: "a. One-half of all taxes upon real estate, except school district taxes, shall be due and payable on the first day of January, and the remaining and final one-half of such taxes on real estate shall be due and payable on the first day of July. All such taxes shall be and become liens on the real estate affected thereby and *shall be construed and deemed to be charged thereon on the respective days when they become due and payable* and shall remain such liens until paid."

■ Under this provision, it seems that the land taxes become a lien on the first day of January and the first day of July of the *ensuing year,* and therefore the property owner cannot be held responsible for the payment of such taxes. These taxes do not become a lien against the real estate until the first day of January and the first day of July in 1940.

With reference to school taxes, Section 5—16.0 of the County of Nassau Administrative Code provides: "a. One-half of all school taxes upon real estate shall be due and payable on the first day of October and the remaining and final one-half of such taxes on real estate shall be due and payable on the first day of the following April. All such taxes shall be and become liens on the real estate affected thereby and shall be construed and deemed to be charged thereon on the respective days when they become due and payable and shall remain such liens until paid."

■ The owner of the parcels of real estate must pay the school taxes due on October 1, 1939, but she is not liable for the school taxes due April 1, 1940.

■ There are many other parcels in this proceeding where the same situation is involved. Motions have been made by the owners of numerous parcels for orders compelling the payment of the awards made for each damage parcel. Taxes should be deducted from these awards wherever they are due and payable in accordance with this decision.

Settle order on notice.