In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Widening Woodhaven Boulevard from Forest Park to Queens Boulevard, Borough of Queens, as the Same Is Now Laid Out upon the Map or Plan of the City of New York, in the Borough of Queens, in the City of New York.*

THE CITY OF NEW YORK, Appellant; SAINT JOHN'S CEMETERY, Claimant, Respondent.

Second Department, December 2, 1940.

---

* Affg. 173 Misc. 425.

*Hyman W. Kehl* [*William C. Chanler,* Corporation Counsel, *Arthur A. Segall* with him on the brief], for the appellant.

*Franklin M. Tomlin,* for the respondent.

HAGARTY, J. A final decree in this condemnation proceeding, entered on the 16th day of January, 1939, directed an award of $22,723.05, inclusive of interest, for damage parcel No. 158, to St. John's Cemetery. The appellant, City of New York, refuses to pay this award in its entirety, despite demand, claiming the right to deduct therefrom the sum of $12,156.45, the amount of an assessment imposed against the claimant's property on the 31st day of July, 1924, for a local sewer improvement. The order under review grants the motion of the claimant, made in the proceeding, pursuant to section B15-28.0 of the Administrative Code of the City of New York.

The issues here presented are whether or not the claimant is exempt from the assessment, and if exempt, whether the lapse of time intervening precludes it from challenging the validity of the assessment.

The respondent was created by special act of the Legislature (Laws of 1879, chap. 421) for the purpose of acquiring and holding land on Long Island for cemetery purposes, the proceeds of sales of cemetery lots to be devoted to the payment of the purchase price of the land, and the excess to be used for charitable purposes. Its assistant secretary avers that it purchased the property, of which the damage parcel is part, in September of 1879, and that at all times it has been used and occupied exclusively for cemetery purposes. In consequence, it invokes that part of section 450 of the Real Property Law which reads: " No land actually used and occupied for cemetery purposes shall be sold under execution or for any tax or assessment, nor shall such tax or assessment be levied, collected or imposed,  *  *  *."

The statute exempts such cemetery land from assessments for local improvements as well as from general taxation. (*Matter of City of New York,* 192 N. Y. 459, 465.) The appellant, however, argues that such exemption was repealed by implication by the Greater New York Charter (§ 960), wherein, commingled with provisions relating to fraud and irregularity, the following appears: " *  *  *  and all property in said city benefited by any improvement or other public work already completed, or now being made or performed, and hereafter made, done, or performed, except as aforesaid, shall be liable to assessment for such improvement or work  *  *  *." It is claimed that the words " all property " as found in this excerpt from the Charter must be accepted in a

strict and literal sense, permitting of no exemptions, and that the determination in *Matter of City of New York* (*supra*) to the contrary would have been different had the provisions of the Charter (§ 960, *supra*) been called to the attention of the court. A fair reading of the Charter is that the reference to " all property " is to all property which is subject to assessment. Such construction is consistent with, and not hostile to, the provision of the Charter (§ 972) which treats of the real property of a corporation " * * * which is exempt by law from assessments levied pursuant to the provisions of this title * * *," thus recognizing the existence of exemptions.

A State policy may not be ignored by a municipality unless it is specifically empowered so to do in clear and explicit terms. (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228; affd., 256 N. Y. 619.) There is no inconsistency between the Charter provision and the pertinent provision of the Real Property Law. They must be read *in pari materia*. (*Oakland Cemetery* v. *City of Yonkers*, 63 App. Div. 448; affd. on opinion below, 182 N. Y. 564.) When so read it is clear that the exemption afforded by section 450 of the Real Property Law is applicable. It follows that the assessment was contrary to law and void if, at that time, the land was used for cemetery purposes.

If the assessment was void in its inception, the passage of time cannot make it valid, or preclude one aggrieved from asserting invalidity in resisting enforcement. The remedy, as a general rule, where the owner's grievance is that a tax or assessment has been imposed despite error, irregularity or defective procedure, is to be found in the pertinent provisions of a given municipal charter, but where the assessing officers lacked jurisdiction, a collateral action may be maintained, usually in equity to vacate. (*People ex rel. Soeurbee, Inc.*, v. *Purdy*, 179 App. Div. 748; affd., without opinion, 222 N. Y. 657; *Seitz* v. *Harlem River & Portchester R. R. Co.*, 214 App. Div. 62; *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198, 206; *Lewis* v. *City of Lockport*, Id. 336.) With respect to assessments for local improvements, however, section 958 of the Greater New York Charter provides that " No suit or action in the nature of a bill of equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title; but owners of property shall be confined to their remedies in such cases to the proceedings under this title." The difficulty with this pronouncement has been that the succeeding sections do not comprehend an assessment which is void in its inception. They treat of assessments imposed by fraud or error (§ 959) and assessments fraught with irregularities and technical defects

(§ 960). This failure to provide a remedy, although prohibiting collateral attack, has furnished additional reason for recognition of the right of an owner to resist enforcement of an assessment which is wholly void regardless of the length of time which has intervened since its imposition. (*Jex* v. *Mayor, etc., of New York*, 103 N. Y. 536; *Poth* v. *Mayor, etc.*, 151 id. 16; *Matter of City of New York*, 114 App. Div. 519.)

Whether a void assessment for a local improvement may be collaterally attacked despite the enactment of section 958 of the Greater New York Charter (*Matter of Brooklyn Children's Aid Society*, 166 App. Div. 852; affd., 215 N. Y. 705), or whether, be it void or voidable, the owner's only remedy is by way of defense when his property is levied upon or by payment of the tax and subsequent suit to recover the amount paid (*Matter of Fuerth*, 226 App. Div. 252; affd., without opinion, 252 N. Y. 510), the authorities cited consistently uphold the right of the property owner to resist enforcement of a wholly void and illegal assessment when collection is sought.

The authorities relied on by appellant are not to the contrary. (*Matter of Striker*, 23 Hun, 647; affd., 85 N. Y. 629; *Clowes* v. *Mayor, etc., of N. Y.*, 47 Hun, 539; *Matter of Duffy*, 133 N. Y. 512.) They relate to affirmative action by the property owner to vacate a void assessment, or to recover money paid thereunder, long after the applicable limitation period had expired. We regard the motion of the respondent as constituting resistance to enforcement. (*Matter of City of New York, supra.*)

As to the facts, the appellant contends that the imposition of the assessment, in and of itself, determines that the property was not used for cemetery purposes at the time the assessment was imposed, and, therefore, it must be found, in this proceeding, that the land was not so used and occupied at that time. That argument is not sound. It does not follow that assessing officers may decide that they have power to act where in reality none exists. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49.) When the authority of assessors to act depends upon the existence of a fact, which they erroneously determine to exist, their acts pursuant to such determination are void. (*Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87, 91.) The question as to the use of the land remains one of fact. There is no denial of the specific averments of the use of the land at the time for cemetery purposes. The averment in the appellant's opposing affidavit that the assessment was " duly levied and entered of record " is but a conclusion and, for the reasons stated, may not be deemed a basis for a finding of fact that the property at the time was not used for cemetery purposes. In view

of appellant's admitted inability to controvert the express averments of use by the respondent, as set forth in appellant's brief, remission for taking proof would be idle. The averments with respect to use are undenied.

There is a further reason, peculiar to the facts in this case, why lapse of time after imposition of the void assessment does not preclude the claimant from resisting collection. The language of section 450 of the Real Property Law, which reads in part " * * * nor shall such tax or assessment be levied, *collected* or imposed, * * *" (emphasis mine), becomes applicable. This is a specific prohibition against the collection of an assessment such as the one here imposed. Thus, even though it might be said that the passage of time precludes an attack upon the imposition of such an assessment, the exempt corporation is empowered to resist collection whenever attempted.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., CARSWELL, ADEL and TAYLOR, JJ., concur.

Order granting motion of respondent to direct the comptroller of the city of New York to pay to it the full amount of an award granted in a condemnation proceeding, without deduction on account of the amount of an alleged assessment, affirmed, with ten dollars costs and disbursements.