## UNITED STATES v. CERTAIN LANDS IN BOROUGH OF BROOKLYN, KINGS COUNTY, STATE OF NEW YORK et al.

### No. 476.

District Court, E. D. New York.

Sept. 17, 1941.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, of New York City, Sp. Atty. for Department of Justice, of counsel), for the United States.

William C. Chanler, Corp. Counsel, of New York City (Julius Isaacs, Reuben Levy, Alexander S. Aleinikoff, and Hyman W. Kehl, all of New York City, of counsel), for defendants.

ABRUZZO, District Judge.

This is a motion for an order by this Court to determine whether or not the claimant-owners herein shall be required to pay to the City of New York land taxes from January 1, 1941, up to and including January 24, 1941.

This proceeding is in condemnation and title to the property in question, designated as damage parcel 14, vested in the petitioner-plaintiff in absolute fee simple upon the filing of a Declaration of Taking, U.S.C.A.Title 40, §§ 258a to 258e inclusive. The declaration of taking and notice and petition in condemnation was filed on January 24, 1941, at which time the sum of $3,800 was deposited in the office of the Clerk of the United States District Court for the Eastern District, which sum represented the estimated just compensation for the real property thus taken.

The City of New York claims that there was due it that part of the second half of the 1940–1941 real estate tax affecting the property in question between January 1, 1941, and January 24, 1941.

Since there was an infant claimant-owner involved and since the owners of the property were not represented by counsel, the Court requested the Government to act in the capacity of amicus curiae and submit a memorandum for the purpose of assisting the Court in arriving at a just and equitable decision. Such a brief has been submitted.

■ The City of New York contends that the taxes were duly levied and imposed in June, 1940, and that it is only as a matter of convenience that payment is divided into two parts. The New York City Charter, Section 172, Chapter 7, New York City Charter adopted in 1936, effective January 1, 1938, provides that the proportionate share of the amount of the tax on property, which would be due and payable on the next succeeding installment date, shall be due and payable on the date of taking. This provision refers only to property acquired in condemnation by the City and has no affect in the present proceeding.

■ It is needless to describe the procedure as to the method the City uses for the fixing of taxes, but suffice·it to say that the taxable status of the property herein commenced on August 1, 1939, and was completed during the month of January, 1940. One half of the taxes levied was due and payable and became a lien on the property on October 1, 1940, and the other half became due and payable and a lien on the property on April 1, 1941. It, therefore, becomes necessary to determine whether any of this tax was a lien on the property in question at the time of the taking by the Government. There is a fundamental underlying legal distinction between the establishment of the tax and the creation of a lien upon the property.

In United States v. City of Buffalo, 2 Cir., 54 F.2d 471, this distinction is acknowledged in the following excerpt from page 473: "But the establishment of its taxable status according to law and the creation of a lien upon the property for any taxes assessed upon it are not the same or equivalent things and do not put into being the same rights and liabilities."

The case of United States v. Certain Lands Located in Town of Hempstead, Benjamin Adelman et al., D.C., 31 F. Supp. 513, 514, involved the consideration of the Administrative Code of Nassau County, which provided that one half of all taxes upon real estate with certain exceptions should be due and payable on the 1st day of January and the remaining half on the 1st day of July, and also provided that such taxes should be and become liens on the respective days when they became due and payable. In this case, the Government acquired title on November 30, 1939, and the County of Nassau claimed it was entitled to land taxes for 1940 which would not become

[redacted]

a lien and which were not due and payable until January 1, 1940 and July 1, 1940. The Court held:

"Under this provision, it seems that the land taxes become a lien on the first day of January and the first day of July of the ensuing year, and therefore the property owner cannot be held responsible for the payment of such taxes. These taxes do not become a lien against the real estate until the first day of January and the first day of July in 1940."

The question involved in Berri v. City of New York, Supreme Court of the State of New York, Appellate Division, First Department, May 3, 1940, 259 App. Div. 453, 19 N.Y.S.2d 347, was whether the taxpayer was entitled to a refund of the second half of the year's taxes because the City condemned the property before the date the taxes became due and payable and prior to their becoming a lien on the property. The owner in that case paid the entire one year's taxes in advance in order to take advantage of a discount. The first half became payable and a lien on April 1, 1935. The second half was not required to be paid until October 1, 1935, and did not become a lien until that date. The City vested title on June 28, 1935, and the owners instituted an action for a refund of the second half of the tax. The Court, relying on the case of Buckhout v. City of New York, 176 N.Y. 363, 68 N.E. 659, 661, granted the owners a refund, citing the following language from that case:

"Taxation cannot create a debt until there is a tax fixed in amount and perfected in all respects. It is not enough to lay the foundation, but the structure must be built. * * * A city cannot eat its cake and have it any more than a citizen. It cannot commence proceedings to tax; then take away the property, and after that complete the process of taxation. * * *"

In Buckhout v. City of New York, supra, it was stated at page 369 of 176 N.Y., at page 661 of 68 N.E.: "Whether, as a general rule a completed tax creates a debt against the owner as a primary liability, with a lien on the land as security, or not, we think that in this case the passing of title to the city exercising the taxing power before the assessment ripened into a lien destroyed the basis and consideration for the tax, and prevented the enforcement thereof either as a personal liability or a lien. A tax, whether imposed upon property or upon the person of the owner on account of his ownership of the property, cannot be enforced if, before the tax becomes a lien, the city suspends its power of taxation by taking the property away from the owner through the power of eminent domain. The city cannot tax and condemn at the same time. The exercise of the power of condemnation, when completed, excludes the power of taxation, so far as the property taken is concerned."

It is clear from the authorities cited and the principles of law enunciated by these decisions, that the City of New York is not entitled to an apportionment of the tax. As indicated previously, the apportionment of the tax in condemnation proceedings under the New York City Charter does not apply to condemnations in this Court. It is to be noted that it was necessary for the City of New York to obtain in its charter, in cases in which it is the condemnor, an apportionment of the tax. Apparently, there was no authority for such apportionment and the City of New York can now apportion taxes where it is the condemnor but only because the New York City Charter provides for such apportionment.

[redacted] Since the tax on the property herein did not become a lien until April 1, 1941, the City of New York is not entitled to an apportionment of that tax for the period from January 1, 1941, to January 24, 1941.

The Government, the petitioner-plaintiff herein has no pecuniary interest whatsoever in this decision, but as observed hereinbefore has submitted a memorandum in the capacity of amicus curiae in order to assist the Court to render an equitable and proper decision.

Settle order on notice.