**UNITED STATES v. CERTAIN LANDS LOCATED IN TOWN OF HEMPSTEAD, NASSAU COUNTY, AND EASTERN DIST. OF STATE OF NEW YORK et al.**

No. 3520.

District Court, E. D. New York.

Sept. 18, 1941.

Eugene R. Hurley, of Mineola, N. Y. (Walter J. A. Mack, of Jamaica, N. Y., of counsel), for Nassau County.

Harry T. Dolan, Sp. Asst. to the Atty. Gen. (Edward H. Murphy, of New York City, and Thomas J. Gallagher, of Brooklyn, N. Y., Sp. Attys. for Department of Justice, of counsel), for petitioner-plaintiff.

ABRUZZO, District Judge.

The above entitled proceeding was instituted by the United States of America, hereinafter referred to as the government, to acquire by process of eminent domain certain lands in the Town of Hempstead, County of Nassau, for an addition to the Atlantic Northeast Airport and Depot, known as Mitchel Field. Damage parcel 121, involved in this motion, was part of that land.

The proceeding was commenced by the filing of a notice and petition in condemnation on July 27, 1938. A notice of pendency of action was duly filed in the office of the Clerk of the County of Nassau on the 12th day of August, 1938, and an amended lis pendis was filed on September 13, 1938. The claimant, County of Nassau, was duly served with a copy of the notice and petition on August 1, 1938.

The petition in condemnation alleged that Boris Kramer and Molly Kramer, his wife, were the owners of this damage parcel, designated as damage parcel 121. It was also alleged that the County of Nassau was joined in the proceeding for any and all unpaid local taxes as well as any claim which it might have by reason of any outstanding tax sales certificates.

On November 23, 1938, the motion for an interlocutory judgment of condemnation was granted and an order for the appointment of Commissioners of Appraisal signed. On November 19, 1938, the County

of Nassau appeared and filed an answer in which it alleged that it was the owner in fee simple of certain described property. The answer did not include damage parcel 121.

Thereafter, Commissioners of Appraisal were appointed and hearings held.

The alleged owners, Boris Kramer and Molly Kramer, his wife, travelled from Rahaviah, Jerusalem, Palestine, in order to protect their interests and appeared at the hearing. After testimony was taken, an award was made for this parcel of five hundred fifty-eight and no/100 ($558) dollars which was confirmed by this Court. Pursuant to the confirmation, the sum of five hundred fifty-eight and no/100 ($558) dollars was duly deposited in the office of the Clerk of the United States District Court for the Eastern District of New York, on November 30, 1939. Notices were thereafter forwarded to the parties in interest that the deposit had been made and that by virtue of the deposit title vested absolutely in fee simple in the government on November 30, 1939.

The County of Nassau brought on this motion for an order directing that the award for damage parcel 121 be paid to them. They claim that the property was sold for nonpayment of taxes in July of 1936. This fact was not set forth in the answer filed by the County of Nassau. Time to redeem the property from the tax sale expired September 10, 1940. A deed was delivered by the County Treasurer to the County of Nassau on February 6, 1941. The total amount of unpaid taxes due against damage parcel 121 is $88.45, including penalties to December 31, 1939.

From a careful study of the facts, it is clear that at no time prior to the institution of this motion has the County of Nassau ever asserted absolute title to this parcel or to the award made therefor.

As hereinbefore stated, a tax sale deed was delivered to the County of Nassau on February 6, 1941, and the time to redeem expired September 10, 1940. Title vested absolutely in fee simple in the government on November 30, 1939, at which time the deposit of five hundred fifty-eight and no/100 ($558) dollars was made in the office of the Clerk of the United States District Court for this District. It will thus be seen that the time to redeem had not expired and a deed had not been delivered until it was determined that Boris Kramer and Molly Kramer, his wife, had been awarded the aforementioned sum. The County of Nassau, obviously, is now trying to obtain the entire award of five hundred fifty-eight and no/100 ($558) dollars pursuant to a tax sale deed for the nonpayment of approximately $88.

This situation, to say the least, is a very curious one. The County of Nassau claims title to this property by virtue of a tax sale deed, dated February 6, 1941, some fourteen months after the government acquired title in absolute fee simple.

By instituting this motion, the County of Nassau is endeavoring to have the Court declare it the owners of damage parcel 121 by virtue of its tax sale deed. Such a decision would place the Court in the position of declaring the government did not acquire title in absolute fee simple to this parcel on November 30, 1939.

 It is the opinion of this Court that the County of Nassau never acquired title by its tax sale deed, dated February 6, 1941. It is obvious that this deed was transferred wholly and solely for the purpose of procuring the award which lawfully and equitably belongs to Boris Kramer and Molly Kramer, his wife. The action on the part of the County of Nassau in an endeavor to procure this award will not be countenanced by this Court. The rights of the individuals to this fund were fixed and established on November 30, 1939, when the government acquired title to the parcel. On that date, the County of Nassau was entitled to taxes with interest and penalties up to that time and nothing more. The claimant-owners are entitled to the difference between the award made and the taxes, interest and penalties owed.

It is directed that the County of Nassau be paid the amount of the taxes, with statutory interest and penalties due thereon up to November 30, 1939. It is further directed that the balance of the award or the difference be paid to the claimant-owners, Boris Kramer and Molly Kramer, his wife.