## UNITED STATES v. 44,549 SQUARE FEET OF LAND IN BOROUGH OF BROOKLYN, CITY AND STATE AND EASTERN DIST. OF NEW YORK et al.

### No. Misc. 501.

District Court, E. D. New York.

Oct. 20, 1941.

Harry T. Dolan, Sp. Asst. to Atty. Gen. of United States (Edward H. Murphy, Sp. Atty. for Department of Justice, of New York City, of counsel), for petitioner-plaintiff.

Solomon Weinstein, of New York City, for claimant-owner and claimant-mortgagee.

William C. Chanler, Corp. Counsel, of New York City (Julius Isaacs and Alexander S. Aleinikoff, both of New York City, of counsel), for City of New York.

ABRUZZO, District Judge.

This is a motion for a final judgment adjudging that the public use requires the condemnation of damage parcel 12, and adjudging that the sum of $3,800 represents the fair and just compensation to be paid to the persons entitled thereto, as their respective interests may appear; and for an order determining whether or not the claimants herein are required to pay to the City of New York land taxes from April 14, 1941, up to and including June 30, 1941.

Title to damage parcel 12 vested in fee simple absolute in the government on April 14, 1941. On that date, the government, the petitioner-plaintiff, filed a Declaration of Taking and deposited $2,737.50 with the Clerk of the United States District Court for the Eastern District of New York, and filed a Notice and Petition in Condemnation at the same time.

There was no opposition to the taking of this parcel by the government and consequently there is no dispute that title vested in fee simple absolute in the government on April 14, 1941.

Anthony Fasano, the owner of the damage parcel in question, entered into a written stipulation with the government wherein he waived any defenses which he might have to the right of the government to acquire the said property for the public use.

The stipulation further provided that the claimant-owner waived all right to have the fair market value of the damage parcel passed upon by Commissioners of Appraisal appointed by the Court and consented and agreed to accept the sum of $3,800 as the just and fair compensation for the taking of this property. The stipulation further provided that an order be made and entered directing the Clerk of the United States District Court for the Eastern District to pay to the persons entitled thereto, subject to all liens, encumbrances and taxes, the money now on deposit in the Registry of this Court.

A search of the title to damage parcel 12 disclosed that the second half of the 1940

and 1941 taxes in the sum of $59.80 are open of record, and a water tax of $18.

The taxes open of record were due and payable on April 1, 1941, and cover the period from January 1, 1941, to June 30, 1941.

The City of New York claims to be entitled to payment of taxes for the full period from January 1, 1941, to June 30, 1941, in spite of the taking of title in condemnation by the government on April 14, 1941. The owner of the damage parcel, on the contrary, contends that he is entitled to an apportionment of taxes; and is liable for taxes only from January 1, 1941, to April 14, 1941, when he ceased to be the owner of this parcel of land. In the capacity of amicus curiae, the government supports the contention made by the owner of the property in question.

It appears that the procedure for fixing the taxable status of the property was commenced on or about August 1, 1939, and was completed during the month of January, 1940. The first half of the taxes levied were due and payable and became a lien on October 1, 1940; and the second half became due and payable and a lien on the property on April 1, 1941.

The question as to whether or not the owner of the property is entitled to an apportionment of the taxes up to April 14, 1941, seems to depend upon whether or not the tax was a lien on the property at the time title vested in the government.

This Court had occasion to consider this particular involved point in United States v. Certain Lands in the Town of Hempstead (Benjamin Adelman et al.), 31 F.Supp. 513. In that matter, title vested in the government on November 30, 1939, and the County of Nassau was seeking the payment of taxes which became liens on January 1, 1940, and July 1, 1940. This Court ruled that since the liens were fixed and the taxes were not due and payable until January 1 and July 1 of 1940; and as title had vested prior to that date, to wit; November 30, 1939, the County of Nassau was not entitled to the taxes in question.

Recently, in United States v. Certain Lands in the Borough of Brooklyn, Allrich Luhrs, United States District Court for the Eastern District of New York, on September 17, 1941, 41 F.Supp. 51, this Court ruled again on a tax question. The City of New York, in that case, claimed an appor-

tionment of taxes from January 1, 1941, to January 24, 1941. On the latter date, title to the property had vested in the government. The ruling was made that the City of New York was not entitled to an apportionment of the taxes from January 1, 1941, to January 24, 1941. The tax lien became fixed and payable on April 1, 1941. The City of New York, therefore, was not entitled to an apportionment thereof. United States v. City of Buffalo, 2 Cir., 54 F.2d 471, and other cases in point were cited as authority.

It cannot be doubted and there is no room for dispute that the lien for taxes became fixed and payable in the case at bar on April 1, 1941. It now remains to be settled whether or not the owner of the damage parcel herein is entitled to an apportionment of the taxes which he was obligated to pay on April 1, 1941.

In Buckhout v. City of New York, 176 N.Y. 363, 68 N.E. 659, 661, the Court stated: "Taxation cannot create a debt until there is a tax fixed in amount and perfected in all respects. It is not enough to lay the foundation, but the structure must be built. * * *" The language in this case indicates that the moment the lien is fixed and payable the whole tax is due.

The Court held in Berri v. City of New York in the Supreme Court of the State of New York, Appellate Division, First Department, May 3, 1940, 259 App.Div. 453, 19 N.Y.S.2d 347, that the owners were entitled to a refund of certain taxes. It appeared that the owners paid one year's taxes in advance, the first half of which became payable and a lien on April 1, 1935, and the second half on October 1, 1935. The City was vested with title on June 28, 1935. The April 1st tax paid by the owners apparently covered a period from January 1 to June 30, 1935. The tax due on October 1, 1935, covered the period from July 1, 1935 to December 31, 1935. As title vested in the City before October 1, 1935, the Court properly refunded the second half of the taxes which had been paid in advance.

In support of its claim the City of New York cites the New York City Charter, but as enunciated in United States v. Certain Land in the Borough of Brooklyn, Allrich Luhrs, et al., United States District Court for the Eastern District of New York, on September 17, 1941, 41 F.Supp. 51, the Charter applies only to property

condemned by the City of New York and does not affect the case at bar.

As previously related, the owner of damage parcel 12 contends that since he was deprived of the use, occupation and possible income derived from his property, it is only fair and equitable that he not be liable for any taxes for that period. His dilemma, unfortunately, is that the tax lien was perfected and attached on April 1, 1941, before title vested in the government.

The question of a tax lien was ruled upon in United States v. Certain Lands in the City of St. Louis, Mo., D.C., 29 F.Supp. 92. In that case, it appears that the statute imposed upon the owner the obligation to pay its taxes on a certain date, but the opinion does not disclose what date the taxes were particularly fixed; while the City of New York does specifically fix April 1, 1941, as the date when the tax is due and becomes a lien.

■ Deering v. City of New York, 51 App.Div. 402, 64 N.Y.S. 606, and Carpenter v. City of New York, 44 A.D. 230, 60 N.Y.S. 633, are authority for the conclusion that all taxes and assessments which are liens on the premises at the time the award is made are transferred to the award and the City is entitled to deduct such as are valid liens. The taking of title by the government on a specific date is comparable to the date of making an award and the owner of the damage parcel herein comes within the fair interpretation of the Carpenter and Deering cases cited above.

■ The taxes in the instant case were fixed liens on the property on April 1, 1941, and must therefore be paid for the period from January 1, 1941, to June 30, 1941. This must be the decision despite the inequity to the owner who has been deprived of the use and occupation of his property and any possible income derived from it since April 14, 1941.

In United States v. Certain Lands in the Borough of Brooklyn, Allrich Luhrs, et al., supra, the property owner enjoyed the benefits of his property from January 1, 1941, to January 24, 1941, without being liable for taxes because the taxes had not become a lien prior to vesting of title in the government.

The claim of the owner must, therefore, be rejected. Judgment may be entered in accordance with the stipulation agreed upon between the government and the property owner, and an order with respect to the taxes is directed to be submitted in accordance with this decision.

■ The Court has heretofore expressed its opinion with regard to interest and penalties on taxes in United States v. Certain Lands located in Town of Hempstead, Nassau County, New York, et al., D.C. September 18, 1941, 40 F.Supp. 925. The case at bar and all other cases involving tax questions in condemnation come within the purview of the decision just cited. The City of New York, therefore, is not entitled to interest or penalties herein and there will be paid to the City of New York the taxes due on April 1, 1941, covering the period from January 1, 1941, to June 30, 1941, without interest or penalties.

Settle order on notice.