## UNITED STATES v. 53¼ ACRES OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, KINGS COUNTY, N. Y., et al.

### No. 494.

District Court, E. D. New York.

Sept. 29, 1942.

876

Skinner & Bermant, of New York City, for lessee, Philip B. Newmark.

Harry T. Dolan, Sp. Asst. to Atty. Gen., (Edward H. Murphy, Sp. Atty. to the Department of Justice, of New York City, of counsel), for petitioner.

William C. Chanler, Corp. Counsel, of New York City (Julius Isaacs and Charles Bisberg, both of New York City, of counsel), for City of New York.

Leo F. Loeb and Berthold Israel, in person.

ABRUZZO, District Judge.

This is a motion by Philip B. Newmark, lessee of the City of New York and owner of the building at the time of the vesting of title herein for an advance payment out of the monies on deposit in the registry of the Court on account of the just compensation to be awarded for the applicant's interest.

The City of New York, owner in fee, appeared upon the return day of the motion and opposed distribution to the extent of the taxes with interest and penalties claimed to be liens upon the property at the time of the taking. The petitioner-plaintiff did not oppose the application for distribution but has submitted a brief amicus curiae in an effort to assist the Court in this matter.

The question at issue is whether or not the City of New York is entitled to interest and penalties after the date of vesting upon the sum determined to be due.

The moving party is the lessee of the City of New York and owner of the building on property within the area acquired by the United States of America on April 1, 1942, by the filing of a Declaration of Taking and the depositing in the Registry of this Court the sum of four million and 00/100 ($4,000,000.00) dollars as the estimated just compensation to be paid to the persons entitled thereto pursuant to 40 U.S.C.A. § 258a. Simultaneously therewith, a Notice and Petition in condemnation was filed requesting an adjudication that the public use requires the condemnation of the lands taken. Thereafter, on April 3, 1941, a judgment on the Declaration was duly entered.

The City of New York claims that the order directing partial distribution should provide for the payment of the second half of the 1940–1941 taxes levied against the said building, together with interest thereon to be calculated from April 1, 1941, the date when such taxes became due and payable to the date of payment thereof to the City Collector of the City of New York.

In a prior decision, United States v. Certain Lands in the Town of Hempstead, D. C., 41 F.Supp. 51, this Court held that within a certain area acquired by the petitioner-plaintiff; and in the opinion rendered in the matter of United States v. Certain Lands in Borough of Brooklyn, Kings County, State of New York et al., D. C., 41 F.Supp. 51; this Court held that taxes became due and payable on April 1 of a given year and that such taxes covered the period from January 1 to June 30 of that year. The rule enunciated in those decisions is applicable in the instant case.

The moving party does not oppose this ruling but contends that the City of New York is not entitled to interest and penalties after the date of vesting of title in the United States of America, as the City of New York could have applied to the Court for the payment due it any time after the date of vesting of title in the petitioner-plaintiff.

This contention is disposed of in the decision of the Circuit Court of Appeals for the Second Circuit, in the matter of United States v. Certain Lands in Borough of Brooklyn, Kings County, State of New York, 2 Cir., 129 F.2d 577, dated July 21, 1942. Adhering to that authority, it is clear that if the lessee desired to avoid the payment of interest and penalties on the taxes computed to be due, he should have made the application for payment to the City of New York immediately after the date of vesting of title in the petitioner-plaintiff. This, he neglected to do.

Therefore, pursuant to the opinion of the Circuit Court of Appeals, the City of New York is entitled to interest and penalties up to the date of the payment of the taxes computed to be due.

Settle order on two (2) days' notice.